(92 N. W. Rep. 797.)

---

KERNAHAN DICKSON *vs.* ELIZABETH M. DOWS (DOWS, *Intervener*).

---

**Intervention—Interest Must Direct and Immediate.**

> The interest in a matter in litigation which will authorize a person to intervene in an action under section 5239, Rev. Codes, must be such a direct and immediate interest that the person seeking to intervene will either lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action.

**Failure to Strike Out Complaint which Fails to Disclose Interest of Intervener is Error.**

> It is *held* that the complaint in intervention in this action does not disclose that the intervener has any interest in the matter in litigation, which is the foreclosure of a contract for the sale of land, or that he would gain or lose as a result of the judgment to be rendered in the action. The district court therefore erred in refusing to strike out its ex parte order permitting him to intervene.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Kernahan Dickson against Elizabeth M. Dows. Edwin L. Dows, by H. W. Gearey, his guardian, intervened. From an order refusing a motion to set aside an order permitting the intervention, plaintiff appeals. Reversed.

*David R. Pierce* and *Newton & Smith,* for appellant.

*Turner & Lee,* for respondent.

YOUNG, J. The plaintiff appeals from an order of the district court of Cass county refusing his motion to vacate and set aside an order previously made permitting Edwin L. Dows, an incompetent person, by H. W. Gearey, his guardian, to intervene in the action. The action is brought for the purpose of cancelling and foreclosing a contract whereby the plaintiff, Kernahan Dickson, agreed to sell and convey to the defendant, Elizabeth M. Dows, 320 acres of farm land situated in Cass county, upon the crop-payment plan. The defendant answered the complaint, and at the same time Edwin L. Dows, through his guardian, H. W. Gearey, applied to the court, and was granted an *ex parte* order permitting him to intervene in the action, and in pursuance of such permission he served his complaint in intervention. Thereafter, upon the affidavit of plaintiff's counsel, an order was obtained directing the said intervener to show cause

why the order permitting him to intervene should not be vacated and set aside, and his complaint stricken from the case. The plaintiff's motion was denied, and this appeal is taken from the order denying the same. The plaintiff's complaint alleges that the defendant has failed to comply with the terms of her contract of sale, and, among other things, that she failed to turn over to the plaintiff portions of the annual crop, as agreed in said contract, and also to pay certain taxes assessed against the premises, and prays for judgment in the sum of $1,229.57, and that a decree be entered to the effect that if that sum, or such sum as shall be found to be due by the court, with interest thereon, shall not be paid within 30 days after the date of the decree, all the right and interest of the defendant in and to said land under said contract shall terminate. It is not necessary to refer to the allegations of the answer, further than to say that it places all of the allegations in the complaint in issue. The complaint in intervention, and upon which the order of intervention was made, alleges that on the 1st day of June, 1892, the intervener purchased the premises in question from the estate of Charles M. Reed, deceased, "and that he immediately took possession of, and ever since and now is in possession of, said land"; that thereafter, on the 3d day of September, 1897, he executed and delivered to one William McDonald a quitclaim deed to said premises to secure an indebtedness of $356; that thereafter, and on the 7th day of January, 1898, for the purpose of procuring money to pay his indebtedness to McDonald, he borrowed $500 from the plaintiff, Kernahan Dickson, and gave his note therefor, and that as security for said note, and not otherwise, the said William McDonald and the intervener and his wife, Martha Dows, joined in a quitclaim deed to the plaintiff, which said deed was given for the purpose of security only; that thereafter, in the year 1899, the said intervener, with the approval of the county court of Cass county and of his guardian, entered into a contract with the plaintiff whereby the intervener procured a further sum of money for the purpose of paying the balance due upon the price of the land, and to redeem certain personal property which had been taken from him upon chattel mortgages; that the plaintiff then agreed, as soon as the title was received for the Reed estate, to enter into a contract with the intervener to convey the premises to him upon a repayment of the sum of $4,160 and interest, which said sum was to be paid by delivering to the plaintiff all of the proceeds of one-half of the annual crop until said debt and interest was fully paid; "that the said Edwin L. Dows has at all times remained in possession of said premises, and is now in possessiion of the same"; that the plaintiff has refused to execute said contract, and that he has contracted to convey the premises to the defendant, Elizabeth M. Dows, "to the damage of this intervener in the sum of $7,000"; that said premises are of the value of $7,000. The prayer of the intervener is that the court shall decree that the several deeds above referred to are mortgages securing to the plaintiff the payment of

$4,160, with 7 per cent. interest thereon from and after the 20th day of January, 1900, and that the court shall adjudge that, upon the payment by the intervener of the amount found to be due, the plaintiff reconvey said premises to the intervener; that the court further order that, if the intervener shall not pay the amount so adjudged within 30 days from the rendition of final judgment, a sale of the premises shall be made for the purpose of raising the amount found to be due to the plaintiff.

The sole question to be determined upon this appeal is whether the complaint of the intervener disclosed that he had such an interest in the matter in litigation in this action as would entitle him to intervene against the plaintiff's objection. We are clear that the complaint in intervention does not disclose that he has the requisite interest. The entire source of the intervener's alleged right to intervene is found in section 5239, Rev. Codes, which, so far as material, reads as followes: "Any person may before the trial intervene in any action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. * * *" What the interest must be in order to authorize an intervention under this section has been repeatedly pointed out, in numerous cases. In *Smith* v. *Gale*, 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521, the court, in referring to this particular section, said: "These provisions of the Dakota Code above cited are found in the Codes of several of the states, and appear to have been originally adopted from Louisiana, wherein it is held by the supreme court, interpreting a similar section, that the interest which entitles a party to intervene must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties. *Gasquet* v. *Johnson*, 1 La. 431. In *Horn* v. *Water Co.*, 13 Cal. 62, 73 Am. Dec. 569, the supreme court of California had occasion to construe a similar provision of the Code of that state, and held (speaking through Mr Justice Field, now a member of this court) that 'the interest mentioned in the statute which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. * * *'" The same construction was placed upon the section by this court in *Bray* v. *Booker*, 6 N. D. 526, 72 N. W. Rep. 933; also by the supreme court of Minnesota in *Lewis* v. *Harwood*, 28 Minn. 428, 10 N. W. Rep. 586, in which the cases from Louisiana and California are cited with approval. See, also, 17 Am. & Eng. Enc. Law (2d Ed.) 180. It is not claimed by the intervener, neither can he claim, that he has any interest in the contract involved in this action. He is an entire stranger to it, and does not claim or pretend to be interested in it in any way whatever. Whatever rights he may have as against the plaintiff, or in the land, can in no way be affected by any judgment rendered in the action. His rights in

the land, such as they are, are paramount both to the rights of the plaintiff and of the defendant. His complaint states that he has been in the possession of the premises ever since their purchase, in 1892. His possession amounted to contsructive notice of his right in the premises. *O'Toole* v. *Omlie*, 8 N. D. 444, 79 N. W. Rep. 849; Webb, Record Title, § 228, and cases cited. It is apparent that if the plaintiff should succeed in this action, and procure a cancellation of the contract, the intervener would not be prejudiced in asserting his cause of action; and it is equally clear that, if the defendant should prevail, he would not be prejudiced, because the defendant had constructive notice of his rights when she entered into the contract. On the other hand, the intervener discloses no right in the contract in litigation, and it further appears that he will neither gain nor lose as a result of any judgment which may be rendered in the action. The complaint in intervention invites the court to enter upon a judicial investigation of a cause of action in no way connected with the plaintiff's cause of action, and that, too, when the intervener's cause of action will remain entirely unaffected by a judgment to be rendered herein, whether it be for the plaintiff or for the defendant. The plaintiff insists upon trying the issues involved in the action unincumbered with issues which are entirely foreign to it. This he has a right to do, and the trial court erred in refusing to strike out the intervener's complaint.

The order appealed from will be reversed, and the district court is directed to enter an order striking out the intervener's complaint. All concur.