STATE ex rel. WILLIAM ERB v. OLE J. JOHNSON and Others.[1]

April 27, 1906.

Nos. 14,767—(207).

**Appeal by County Commissioners.**

An appeal from a judgment against a board of county commissioners, rendered in an action involving its official powers and duties, can only be taken or authorized by the action of the board. Individual members thereof cannot appeal.

Application to the district court for Red Lake county for a writ of mandamus commanding defendants, as the board of county commissioners for that county, to meet and act upon a petition for removal of the county seat. The case was heard before Watts, J., who granted a motion for judgment directing the issue of a peremptory writ as prayed. From the judgment, two members of the board, defendants Demann and Falardeau appealed as individuals. Appeal dismissed.

*Chas. E. Boughton* and *F. A. Grady,* for appellants.

*A. A. Miller, Ira C. Richardson, S. Cooke* and *Fargo & Stanton,* for respondents.

BROWN, J.

The facts in this case are as follows: A petition was duly presented to the board of county commissioners of Red Lake county for the removal of the county seat from Red Lake Falls to Thief River Falls, which the board declined to consider on the alleged ground that it had no jurisdiction by reason of the failure of the petitioners to comply with certain requirements of the statutes in respect to the circulation and presenting of such a petition. Thereafter this proceeding by mandamus was brought to compel the board to convene, hear, and act upon the petition. The members of the board were named in the title and personally served with the summons, and each appeared and interposed an answer. The action came on for trial in due course of procedure, and resulted in a judgment in the district court command-

[1]Reported in 107 N. W. 404.

ing and requiring the respondents to convene at the courthouse, at the county seat of the county, on May 17, 1906, at one o'clock in the afternoon, and, as the board of county commissioners of the county, consider and act upon the petition for the removal of the county seat. Thereafter two members of the board attempted to take an appeal from the judgment so entered to this court. The notice of appeal was in the following language:

> You will please take notice that the above-named respondents appeal to the supreme court of the state of Minnesota from the judgment of this court in this action, entered on the 12th day of April, 1906, and from the whole thereof. And this appeal is taken by said William C. L. Demann and Louis Falardeau, two of said respondents, for and in behalf of each and all of said respondents, and this notice of appeal is served upon each and all other respondents by reason of their refusal to join in said appeal.

The matter is now before this court on relator's motion to dismiss the appeal, on the ground that, not having been taken or authorized by the board in its official capacity, but instead by two members thereof, it was a nullity. We concur in this view, and the appeal is dismissed.

The action was commenced against the board of county commissioners in their corporate or official capacity, and, though the individual members were named as respondents, all steps in reference to the proceeding, either in defending it or appealing from a judgment therein, could be taken only by the official action of the board. If the action involved the rights of the individual members, the position of appellants would be tenable; but as it does not, but only the board as an official body, the attempted appeal by two members on behalf of their associates was wholly ineffectual.

Appeal dismissed.