PUDAS *v.* MATTOLA.

Account Stated—Unliquidated Damages—Action.
> An action on an account stated will not lie upon defendant's promise to pay a stipulated sum in settlement of damages caused by his breaking a plate glass window belonging to plaintiff.[1]

Error to Houghton; Streeter, J.  Submitted April 11, 1912.  (Docket No. 149.)  Decided December 17, 1912.

Assumpsit by Matt Pudas against Andrew Mattola on an account stated.  Judgment for plaintiff.  Defendant brings error.  Reversed.

*Hanchette & Lawton,* for appellant.

*Burritt & Burritt,* for appellee.

McAlvay, J.  Plaintiff recovered a judgment in the circuit court for Houghton county against defendant in an action of assumpsit upon an account stated, from which defendant has appealed by writ of error.

The following are the facts in the case:  The record shows that the plate glass front of plaintiff's place of business had been broken.  Plaintiff claimed that defendant was one of the parties who wrongfully committed this damage.  Complaint was made before a justice of the peace against defendant (as the justice testifies) for malicious destruction of property.  The defendant was arrested and taken to the justice's office, where some negotiations were had, which plaintiff claims resulted in an agreement on the part of defendant to pay to him $16 as his share of the damages for the breaking of plaintiff's window.  There is a dispute as to whether such an agree-

---

[1] On the question what constitutes an account stated, see note in 27 L. R. A. 811.

ment ever was made. Plaintiff later brought suit, declaring and relying upon this claimed agreement made in settlement of this wrong charged against defendant, as an account stated in assumpsit, and has recovered a judgment in this suit, which is founded entirely upon the theory that an account stated was had between these parties. This suit was instituted in the court of the justice before whom defendant was brought by the officer, as above mentioned. The case was tried in that court before a jury, and a judgment was rendered against plaintiff. Upon appeal to the circuit court the case resulted as above stated. The trial judge accepted the theory of the plaintiff that the only question to be determined was whether in fact an account had been stated as claimed by plaintiff.

Defendant has assigned errors in the case, of which, as we view it, but the one need be considered which charges the court was in error in holding that the facts in this case show that this transaction could be considered in law as a foundation of an action for an account stated in assumpsit. The statement by the appellant of his position is as follows:

"The court erred in holding that an unliquidated claim for tort is provable as an account stated, upon the theory that the defendant had promised to settle the tort at a stipulated sum."

Definitions of an "account stated" have been given by text-writers and authorities of which the following may be accepted as a general statement:

"In general terms, where an account is rendered by one person to another, showing a balance due from the one to the other, and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a definite balance as due from one to the other, this will constitute an account stated." 1 Cyc. p. 364.

This doctrine was founded originally upon the practice among merchants. This definition states the doctrine

generally as it was originally accepted. It has been somewhat modified, but the rule has been retained that in order to constitute an account stated there must be some prior transaction, which may include but a single item where there are no mutual dealings, and when the transaction has no relation to trade. 1 Cyc. p. 365. This suit upon an account stated was brought to recover upon a claimed settlement between the parties of an unliquidated claim for damages arising out of a tort.

The supreme court of Oregon, in an excellent opinion written by Mr. Justice Wolverton, in a case where action was brought upon an account stated to recover for an unliquidated claim of damages for breach of a contract, in discussing this question, said:

·"Suppose the plaintiff had sent to defendants a statement in writing of his claim against them for $300 for building this fence, and the defendants had retained it an unreasonable or any length of time without objection, would a promise to pay such a sum arise by implication? Undoubtedly not. If such were the rule, it would be an easy matter for any claimant to convert an action for unliquidated damages, whether arising from contract or tort, into an action upon a money demand, wherein it would not be permissible to inquire into the original cause of action. Every person against whom such a claim is made would be compelled to be constantly on the alert, and make due and timely objection in order to prevent an undue advantage being taken of him. The doctrine of an account stated cannot be carried to this extent. A single item, not of a debt due and owing, but of an unliquidated claim of damages for the breach of a parol or simple contract, cannot form the basis of an account stated." *Vanbebber* v. *Plunkett*, 26 Or. 562 (38 Pac. 707, 27 L. R. A. 811), and notes.

The only distinction between the Oregon case, above cited, and the instant case is that the former grew out of a settlement of unliquidated damages arising from the breach of a contract, and the latter from a claimed settlement of unliquidated damages arising from a tort.

The basis of an account stated must always be a balance

or amount due upon a subsisting indebtedness. This was the principle upon which the action upon an account stated was founded. Therefore a settlement of an unliquidated claim for damages arising either from the breach of a contract or from a tort cannot become the subject of an account stated.

Our attention is not called to a single authority which holds to the contrary, and in a thorough search we have been unable to find one. It was unanimously held by the Court of Exchequer, in an opinion written by Lord Abinger, C. B., as follows:

" Then as to the account stated: I have often observed that there is a good deal of confusion in the books on questions of accounts stated—not the older books, but the modern ones; they lay down this, that, where there is a promise to pay a sum of money as due from A. to B., it is evidence of an account stated; which means this, that the simple promise, if it stands unexplained and uncontradicted, is evidence to go to a jury that the plaintiff claims that sum to be due, and that there are matters of account between the parties; it does not go further than that; and it is only when you come to look at the facts on which the promise was made that you are enabled to see whether it is an account stated or not. Here there was nothing due from the defendant to the plaintiffs at all, the only thing in respect of which they had a claim upon him was upon his promise, and they might have had an action against him for not performing that promise, because no doubt it was made upon a good and sufficient consideration; but it was not in the nature of any debt due from one to the other at all." *Lubbock* v. *Tribe,* 3 M. & W. 606–613.

The same doctrine was announced earlier in *Tucker* v. *Barrow,* 7 B. & C. 623 (14 E. C. L. R.)

In our opinion, upon this record, it may be stated, as a matter of law, that the claimed settlement relied upon by plaintiff was not an account stated, and no recovery can be had in this action. This disposes of the case, and the other errors assigned, although apparently meritorious, require no consideration.

The judgment is reversed, and a judgment will be entered in this court in favor of defendant and appellant, with costs of both courts to be taxed.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.