ROBERT R. FROEMKE and Herman A. Froemke, Substituted in the Place of Albert Froemke, Plaintiffs and Respondents, and PETER OLSON and Ingebor Sunby, Interveners and Respondents, v. W. S. PARKER and L. Altmann, Defendants and Appellants.

(169 N. W. 80.)

**Perpetual injunction — supersedeas bond — not given — injunction abided pending appeal — dismissal of appeal — motion for — moot question.**

   This is an appeal from a perpetual injunction and for costs amounting to $105.80, and, in lieu of giving a supersedeas bond, defendants concluded to abide the injunction pending the appeal. Hence, a motion is made to dismiss the appeal on the ground that it presents only a moot question. The motion is denied, with costs.

Opinion filed May 28, 1918.

Appeal from the District Court of Ransom County, Honorable *Frank P. Allen,* Judge.

Defendants appeal.

Motions denied, with $25 costs.

*Kvello & Adams,* for appellants.

*Pierce, Tenneson, & Cupler,* for respondents.

ROBINSON, J. This action is brought by the plaintiff and inter-veners to permanently restrain the defendants from constructing and maintaining a drain so as to cause a large and unwonted flow of water from the land of the defendants onto the lands of the plaintiffs and interveners. On April 7, 1917, judgment was given that the defendants be permanently restrained from continuing the construction of the drain running from a slough on the land of the defendant Parker (east half sec. 26–135–55), thence across the land of defendant Altmann, and from keeping said drain open, and from draining the waters of said slough over and upon the land of the plaintiffs and interveners; and, also, that the plaintiffs and interveners recover from the defendants costs and disbursements amounting to $105.80.

On June 27, 1917, defendants appealed to this court from the whole of the judgment. They gave a regular appeal bond in the sum of $250, and in lieu of giving a stay bond they stopped the flow of water through the tile drain which they had constructed. On June 11, 1917, counsel for defendants wrote to counsel for plaintiffs a letter (exhibit "B"), which stated: "We have decided to appeal the Parker lake decision and will submit notice and appeal bond to you this week. To avoid further litigation in the event that the decision is affirmed, we will shut off the flow of water from the Parker lake. We will guarantee that none of the water will reach your tile, and therefore, the bond will be for the appeal costs only." On June 21, 1917, they wrote: "We do not want to do anything to affect the interest of our client pending the litigation, and to that end will take immediate steps to absolutely stop every bit of water coming through the tile."

Now, because the defendant did actually stop the flow of water and concluded to abide the judgment pending the appeal in lieu of giving a supersedeas bond or being in contempt of court, the plaintiff and intervener move that the appeal be dismissed on the ground that, by

the stoppage of the water pending the litigation, the case presents only a moot question.

It is wholly unnecessary to consider the affidavits pro and con. There is no dispute concerning the facts above stated, and the appeal is also from the judgment for costs am .unting to $105.80, as well as from the decree that the defendants stopped the flow of water in the drain and forever kept it stopped. Defendant wisely concluded to stop the flow pending an appeal so as to incur no risk of a suit for damages. Plaintiffs claim the temporary stoppage of the water turns the whole matter of the suit into a moot question. Still they express a fear that the court may reverse the judgment, and permit defendant to open the flood gates and undo the improvements made by them pending the appeal. And what if counsel did induce the trial court to render a doubtful or erroneous judgment, should they be relieved from the risk of a reversal because the defendants do not care to risk a disregard or defiance of the judgment pending the appeal? To state the question is to answer it. If the matter had become a moot question, then a reversal of the judgment could not affect the rights of the parties.

The motion is clearly groundless, and it is denied, with $25 costs.

GRACE, J. I concur in the result.