NORTH DAKOTA WHEAT GROWERS ASSOCIATION, a Corporation, and George E. Duis, Respondents, v. R. J. MOORE, Arthur Steinhaus, S. Mason, Peter Carlsen, Lee M. Johnson, George Mongeon, John Quam, A. N. Winge, George Clarke, and U. L. Burdick, Appellants.

(204 N. W. 834.)

**Moot questions — appeal and error — if no effectual steps can be taken by corporation directors, before annual meeting of stockholders and election of new directors, questions on appeal from order restraining their holding meeting to depose president are moot.**

1. In an action brought solely for the purpose of restraining the defendants, as directors of the plaintiff corporation, from holding a meeting of the directors, or taking any proceedings for the purpose of determining whether or not the directors shall remove the other plaintiff from his office as president of the corporation, where it appears, and is conceded, that no effectual steps can be taken by the defendants, even if the order appealed from be reversed, before the regular annual meeting of the stockholders of the corporation to elect new directors, will be held, or before the regular annual meeting of the directors will

Note.—Determination of moot questions by appellate court, see 2 R. C. L. 169; 1 R. C. L. Supp. 424; 4 R. C. L. Supp. 87; 5 R. C. L. Supp. 77.

be held immediately following such election by which election the body of directors may be wholly or substantially changed and the persons now acting as officers may be wholly or substantially eliminated or changed, it is held, for reasons stated in the opinion, that the questions upon this appeal have become and are moot.

**Moot questions — appeal and error — moot questions may be determined by appellate court if of great public interest.**

2. Questions otherwise moot, may be determined by appellate courts where they are of great public interest, and involve the authority and power of public officials. On the record it is held that this is not such a case.

Opinion filed June 24, 1925.

Appeal and Error, 4 C. J. § 2383 p. 576 n. 81–82; § 2385 p. 578 n. 3.

Appeal from order of District Court of Cass County, *Cole,* J.
Appeal dismissed.
*Usher L. Burdick* and *Lemke & Weaver,* for appellants.

In most jurisdictions, the removal of officers of a private corporation is provided for and regulated by statute or charter provisions, and the power of removing the administrative officers usually is expressly vested in the board of directors by whom they are appointed. Still the right to remove such officers is inherent in the corporation and exists in the absence of statutory authorization. 7 R. C. L. § 417.

The removal must ordinarily be by the body of officers authorized to elect or appoint, thus, except as stated above, the directors have implied authority to remove all officers appointed by them. But they have no power, unless as expressly conferred, to remove officers elected or appointed by the stockholders.

The president of a corporation has no power, unless there is an express provision therefor to remove an officer appointed by the board of directors, as the power of removal is vested in the board. 3 Fletcher, Cyc. Corp. § 1819.

A board of directors may remove a secretary and treasurer elected by the board where he holds office under no fixed term. This power of removal extends to all officers of the corporation, including the president, treasurer and general superintendent. 3 Fletcher, Cyc. Corp. § 1815.

Although a by-law is from its nature applicable only to the particu-

lar corporate body, yet it is still in a certain sense a law, and is to be applied in the government of such body whenever the circumstances arise for which it was intended to provide. 14 C. J. p. 346, § 431.

A by-law is defined as a rule of law of a corporation for its government. 7 R. C. L. § 114.

As a general rule the by-laws of a corporation are valid if they are reasonable and calculated to carry into effect the objects of the corporation, and are not contrary to the general policy of the laws of the land. 7 R. C. L. § 117.

This power of a motion is incident to every corporation and belongs to the corporation alone. . . . Neither has a court of equity authority to grant an injunction restraining the officers of a private corporation from performing the duties of their office, as the effect would be the same as a removal from office, and the court will not do indirectly what it cannot do directly. 7 R. C. L. § 420.

Courts ordinarily have no power to remove a corporate officer, but in some states special statutes authorize proceedings in court to remove such officers. 3 Fletcher, Cyc. Corp. § 1820.

*Divet, Holt, Frame & Thorp,* for respondents.

Where the law governing corporations is silent as to the tenure of the officers thereof and also as to their removal, the power of a motion is incidental to that of appointment. 7 R. C. L. § 417.

No maxim of the law is of more general and uniform application and it is never more applicable than in the interpretation of the statutes. 19 Cyc. 23.

The manner of election might be regulated by the by-laws but the substance must be in compliance with the charter. State ex rel. Corcy v. Curtis, 9 Nev. 325.

When the methods of voting are not fixed by general law, the corporators may make the law for themselves, subject to the qualification that such laws and regulations as they make shall not conflict with the laws of the state or of the United States. Detwiller v. Com. 7 L.R.A. 357.

The right to fill a vacancy in office does not include the right to create a vacancy to be filled. Ibid.; Festner v. Pressure Lighting Co. 149 N. Y. Supp. 49.

Directors must act as a Board; they cannot act individually in an official way.   Hamlin v. Union Brass Co. 44 Atl. 385.

On this appeal the Court will not determine the facts anew, except to ascertain whether the trial court could reasonably have found them. Deal v. Erie Coal & Coke Co. 92 Atl. 701.

The officers of a corporation cannot be controlled in their judgment or discretion in the performance of their duties.   They are the managers of the corporation's affairs and the business, and the Court will not substitute its judgment for theirs.   5 Fletcher, Cyc. Corp. § 3322, 30 C. J. title "Injunction," § 375.

*H. L. Halvorson,* amicus curiae.


WOLFE, Dist. J.   This appeal is from an order of the district court of Cass county restraining the defendants, as directors of the plaintiff corporation, pending the determination of the action, from calling or holding a meeting of the directors, or taking other proceedings to summarily consider the question whether the personal plaintiff shall be ousted from his office as president of such corporation.   The action is brought upon the theory that, in law, and especially under the law by virtue of which the plaintiff corporation is created, and because of matters contained in its charter, the directors have no right or power to oust the president from his office, or to call or hold a meeting for the purpose of considering such ouster; such matters being claimed to rest solely and exclusively with the members of the corporation, which has no capital stock.   The trial court, after full hearing and careful consideration, agreed with the plaintiffs and issued the order appealed from.

The defendants, on the other hand, claim that, in law, generally, the directors of a corporation have the power to oust its officers at will, unless restrained by contract; that the law under which this corporation is created does not purport to make any change in this rule; that the by-laws of the corporation expressly provide for such ouster, and the matters involved are purely internecine and the courts will not meddle with them, except to prevent fraud, which, they say, is not involved in this action.   All the assignments of error go to the one question, which is said to be determinative of the case:—"Have the directors of this corporation the lawful right and power to call and hold

a meeting to consider the subject of ousting this president of the corporation, at will, so long as its by-laws are complied with ?"

Upon the argument, a question was raised as to whether the by-laws were properly before this court. Without determining the question of the sufficiency of the authentication or certification of the by-laws, we shall consider them in the record and before us for consideration.

It appears from the by-laws that the annual meetings of members is held on the second Tuesday in July to elect ten directors, out of an elective total of twenty, one director, to fill the quota, being appointed by the president of the Agricultural College, and that the annual meetings of directors shall be held immediately after such an election. At such meetings the directors elect the officers, who are to serve until their successors are elected and qualified. The by-laws provide for the calling of general and special meetings, the time of notice, the service of notice, etc.

On the argument, it was conceded by appellants that if a decision should be rendered in this case on that day it would be impossible for the appellants to call and hold another meeting of the directors to consider the subject involved in the order appealed from, after such decision and before such annual meeting of the members and directors. It was suggested to appellants' counsel that, under the circumstances disclosed, the questions here might be rendered moot; but he urged that, while the determination of the questions might have no effect in the present action, they ought to be determined because the plaintiff corporation had more than fifteen thousand members in the State, and that, therefore, there was a public interest in their determination.

Appellate courts, as a rule, decline to decide questions which have become moot. "It is not within the province of appellate courts to decide abstract hypothetical or moot questions disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." 3 C. J. 358. Where, however, the matter in controversy appears to be one of "great public interest" and involves the "authority and power" of public officials, the appeal will not be ignored as a moot question. State ex rel. Dakota Trust Co. v. Stutsman, 24 N. D. 68, 139 N. W. 83, Ann. Cas. 1914D, 776. See also, United States v. Hamburg-Amerikanische Packet Fahrt-Actien Gesellschaft, 239 U. S. 466, 60 L. ed. 387, 36 Sup. Ct. Rep. 212. The

present case, however, does not fall within that exception. It is true that the questions may be important to a large number of individuals in the state; but that falls far short of making them matters of such general public concern as to warrant a court in applying the exception, instead of the rule. The plaintiff is a mere private corporation, no matter how many members or stockholders it may have. It deals with a commodity of much importance to the public at large in the State; but, whether it deal well or ill with that commodity, its transactions are all of a private nature, affecting, so far as appears, no one but its members. It may handle wheat or it may not, and the public at large can not complain, there being no question of unlawful monopoly suggested.

That the question for decision is moot is apparent from the record, in addition to the concession of counsel. If the order appealed from be reversed, still the defendants are effectually restrained from acting before their annual meeting by their conceded lack of time in which to act, legally. If the order be affirmed, it gives the plaintiffs no further assurance, because of that same lack of time. In other words, the rights of both parties will remain exactly the same, whichever way the matter may be determined, or whether it be determined at all.

It results that the appeal should be, and is, dismissed.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.

BURKE, J., being disqualified, did not participate; WOLFE, Dist. J., sitting in his stead.