# ROLETTE STATE BANK, a Corporation, Appellant, v. ROLETTE COUNTY, a Body Corporate, Respondent.

(213 N. W. 848.)

**Account stated — agreement as to correctness of previous monetary transactions.**

1. An account stated is an agreement between parties who have had previous transactions of a monetary character, that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance.

**Counties — to bind county to "account stated" there must be resolution of county board.**

2. An account cannot be stated as against a county by the informal acquiescence in, assent to, or acknowledgment of the account by the several members of the board of county commissioners. In order to bind the county there must be formal action on the part of the commissioners as a board, and a record made of the action taken.

Opinion filed May 6, 1927.

Accounts and accounting, 1 C. J. § 249 p. 678 n. 71; § 265 p. 686 n. 44; § 301 p. 697 n. 78, 80; § 305 p. 699 n. 98; § 330 p. 705 n. 96, 98; § 331 p. 706 n. 99; p. 707 n. 4. Counties, 15 C. J. § 107 p. 460 n. 2; § 118 p. 466 n. 9, 13; § 122 p. 470 n. 96 New; § 364 p. 651 n. 23 New.

Annotation.—(1) On the question as to what constitutes an account stated, see annotation in 27 L.R.A. 811; 45 L.R.A. (N.S.) 534; 1 R. C. L. 207; 1 R. C. L. Supp. 65; 4 R. C. L. Supp. 13; 5 R. C. L. Supp. 8; 6 R. C. L. Supp. 10.

Appeal from the District Court of Rolette County, *Kneeshaw,* J. Affirmed.

*John A. Stormon* and *Kehoe & Verret* for appellant.

An account stated is an agreement between the parties to an account that all the items thereof are correct. The simple rendering of an account between the parties and agreeing upon the amount due are sufficient facts on which to maintain an action. Claire v. Claire (Neb.) 4 N. W. 411.

An account stated need not be in writing. It may be verbal, or partly verbal and partly in writing. Watkins v. Ford, 69 Mich. 357; Chace v. Trafford, 116 Mass. 529, 17 Am. Rep. 171.

What the counsel in fact did may be shown by evidence aliunde the record kept by it. Bridgeford v. Tuscumbia, 16 Fed. 910, 913, 4 Woods, 611.

.It has been generally held that a creditor of a public body is protected against omission in the records of the proceedings of such body when such creditor has acted in good faith and has been put to a disadvantage through an omission on the part of the officer whose duty it is to properly report the proceedings. Tymouth Twp. v. Kochler, 35 Mich. 22; Robertson v. King County, 20 Wash. 259, 55 Pac. 52; Bridgeford v. Tuscumbia, 4 Woods, 611, 16 Fed. 910.

*D. J. McLennan* and *J. C. Adamson,* for respondent.

Causes enumerated as grounds for new trial are exclusive. Higgins v. Rued, 30 N. D. 551; Dubs v. Northern P. R. Co. 47 N. D. 210.

The governing body of a municipal corporation has, as a rule, the power if vested rights are not interfered with, to reconsider and rescind any action previously taken. 20 Am. & Eng. Enc. Law, 2d ed. p. 215; Ross v. Stackhouse, 114 Ind. 200, 16 N. E. 501; Man v. LeMars, 109 Iowa, 251.

And in People ex rel. Barry County v. Manistee County, 33 Mich. 497, it was held that the action of county supervisors in reconsidering an allowance of a claim, investigating the items, and fixing a different amount, would not be reversed by mandamus, in the absence of a clear showing that the first finding was correct.

To make an account stated, there must be a mutual agreement between the parties as to the allowance or disallowance of their respective claims, and to establish such an account so as to preclude a party from impeach-

ing it, save for fraud or mistake, there must be proof of the account as rendered, either express or implied, from failure to object within a reasonable time. Stenton v. Jerome, 54 N. Y. 480.

An account stated alters the character of the original indebtedness and is in itself in the nature of a new promise or undertaking. McCarthy v. Mt. Tecarte Land etc. Co. 111 Cal. 328, 43 Pac. 956.

NUESSLE, J. This action is brought upon an account stated. The following are the facts as gathered from the evidence and offers of proof. In 1922 Elza Martin and Theodore Martin did certain road work for the defendant Rolette county. They presented their accounts therefor to the board of county commissioners at a meeting of the board held in January, 1923. The accounts thus presented had been approved by one of the commissioners who apparently had the supervision of the road work in the district where the work was done. The board of commissioners was in regular session at the time the accounts were presented. The board knew that the accounts were presented and filed and there was talk among the commissioners that such accounts were proper and should be allowed and paid when funds permitted. However, this talk was more or less informal and the allowance of the accounts was not put to a vote or voted upon. Other accounts were in some instances treated in this manner, and when money was available were paid. No record was made of any action or agreement regarding the accounts here involved or their allowance. Thereafter the accounts of the Martins for the work in question were assigned to the plaintiff. Subsequently at various meetings of the board of commissioners of the defendant county, the accounts in question were discussed by the several members of the board and it was said by such members in these discussions that the accounts were proper and would be allowed and paid. But no formal action was ever taken, no vote was ever had upon the claims, and no record was made of any action with respect thereto. A representative of the plaintiff was present at various meetings and was told by one or another of the county board that the accounts would be allowed and paid. The matter dragged along without any other action until in 1925 when the claims were formally considered and disallowed. Thereupon the plaintiff brought this action claiming to recover as on accounts stated. The defendant, answering, denied the

accounts or any liability thereon. Plaintiff offered evidence tending to establish the facts above set out respecting the action of the county commissioners. Defendant objected thereto and the objection was sustained. The cause was tried to a jury. At the conclusion of the plaintiff's case the defendant moved for a directed verdict. The motion was granted. Verdict was returned accordingly and judgment entered thereon. Thereafter this appeal was perfected.

As stated by the plaintiff in its brief and on argument before this court, the only question involved on this appeal is as to whether the plaintiff can by oral evidence establish an account stated as against the defendant county.

It is the plaintiff's contention that a public corporation, such as the defendant is, may be obligated on an account stated in the same manner as any other debtor; that it is not essential that the promise or agreement to pay shall be formally made, but that it may be implied and established the same as in the case of any other debtor. So the plaintiff here insists that the claims for road work, of which it is the assignee, were duly presented to the board of commissioners of the defendant county; that such commissioners acting informally agreed among themselves that the claims were proper and should be paid, and in the same manner acknowledged to the plaintiff that they were proper and would be paid and that this resulted in an account stated so as to support the present suit, even though no formal action by vote or otherwise was taken upon the claims, and no record made of their approval and allowance, and notwithstanding the subsequent formal rejection of the claims.

The defendant on the trial of the cause contended and now contends that no formal action was taken by the board of county commissioners on the claims, and whatever the opinions of the individual members of the board might have been respecting their merits and whether or not they should be allowed, the county was not bound by that which was in fact said and done; that in order to bind the county and constitute a valid contract as against it, it was essential that a vote be taken upon the claims and a record made thereof. The trial court adopted this view and ruled accordingly both in sustaining the objections to evidence and in directing the verdict for the defendant.

An account stated may be defined as "An agreement between parties

who have had previous transactions of a monetary character, that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." See 1 C. J. 678. See also, Pudas v. Mattola, 173 Mich. 189, 45 L.R.A.(N.S.) 534, 138 N. W. 1052; 1 R. C. L. p. 207. Necessarily then, in order to constitute an account stated there must be a pre-existing indebtedness, an acknowledgment of the amount thereof, and a promise to pay. When an action is brought upon an account stated it is predicated upon such promise to pay; that is, it is an action upon the new contract resulting from such promise and not upon the original indebtedness. 1 C. J. pp. 705, et seq.; 1 R. C. L. p. 212. And when an account is stated it can be opened for correction only upon the ground of fraud, mistake, accident, omission or undue advantage, and the burden rests upon the party seeking to open the account. Montgomery v. Fritz, 7 N. D. 348, 75 N. W. 266. Unless so opened it is conclusive upon him. 1 R. C. L. p. 217; 1 C. J. p. 705. The promise to pay resulting in an account stated may be either express or implied. So it follows that it need not be in writing.

Thus the determination of this appeal turns upon the question as to whether the county commissioners may enter into a valid and binding contract to pay in the informal manner in which the record discloses the commissioners of the defendant county acted with respect to the claims for road work on which the account stated in the instant case is based. The statute, § 3271, Comp. Laws 1913, requires that the county commissioners "shall keep a book in which all orders and decisions made by them shall be recorded, except those relating to roads and bridges. . . ." Sections 3298 and 3299, Comp. Laws 1913, provide that an appeal may be taken from all decisions of the county board upon matters properly before it to the district court by any person aggrieved, within thirty days after such decisions. So it seems clear that the legislature contemplated that any matter properly before the board for decision must be formally considered and a record made of the decision at which the board arrives. It is likewise clear that the allowance or disallowance of a claim against a county is a decision within the meaning of these statutes. See in this connection Pierre Waterworks Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733; Re First Nat. Bank, 25 N. D.

635, L.R.A.1915C, 386, 146 N. W. 1064; Codington County v. Board
of County Commissioners of Codington County, — S. D. —, 212 N.
W. 626.

Counsel for the appellant apparently concede that any order or
decision of the county board must be formally made and recorded.
They contend, however (inconsistently as it seems to us) that in the
instant case there was no order or decision. Their position is stated
in their brief as follows: "To arrive at the correct amount due by
the county on a bill that is presented is not an order and decision, but
is merely an acknowledgment that the amount charged is correct, and
we can find no statute requiring that such an acknowledgment be made
a part of the records of the board of county commissioners. The con-
tract under which the labor mentioned in the stated account was fur-
nished probably had to be made a part of the records of the county
commissioners, but that contract is not involved in this suit and has
nothing to do with it. The question merely is has the reasonable and
fair value of the labor charged in the accounts been acknowledged by
the board of county commissioners, and it is our contention that if it
has then that amount is conclusive on the board and required no further
proof in order to recover thereon, unless the county had some other
defense to it, but the record and the evidence in this case is silent as
to any such defense. In our opinion the Court assumed without any
foundation that this acknowledgment of debt was an order or decision
of the board of county commissioners, while in fact it was not."

However, as we have shown, an account stated presupposes more than
an indebtedness and an acknowledgment thereof. The third requisite
of an account stated is the promise to pay, either express or implied.
And where an action is brought upon an account stated it is brought
upon such promise. This promise is conclusive against the party making
it unless it is avoided on account of fraud, mistake, or other proper
ground. If there is no promise there is no account stated. If there is
a promise there is a decision. We are unable to discover any basis for
distinction between such action on the part of the county commissioners,
and any other decision they might make from which an appeal might
be taken to the district court under § 3298, supra.

Since then to constitute an account stated there must be an agreement
or promise to pay, and since in the instant case there was no such
agreement or promise as it was within the power of the county board

to make, there is no account stated. It follows that the rulings of the district court were right and the judgment must be affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.