[File No. 6497.]

HARRY GUENTHER et al., Respondents, v. DAVID FUNK et al., Personally and as the Board of Directors of Lowery School District No. 20 in Stutsman County, North Dakota, ARTHUR UNRUH and Emil Guenther, Citizens, Residents, and Taxpayers, Appellants.

(274 N. W. 839, 112 A.L.R. 428.)

Opinion filed August 31, 1937.

*J. A. Coffey,* for appellants.
*Knauf & Knauf,* for respondents.

PER CURIAM. The plaintiffs brought this proceeding in mandamus to compel the defendants, directors of Lowery School District No. 20 of Stutsman county, North Dakota, to construct a certain schoolhouse. In their petition the plaintiffs allege that they "are interested in said school being patrons thereof, having children of school age in said district and a total of more than ten pupils all of whom are to be pupils of said school beginning at the fall 1937 term thereof; that plaintiffs, each and all of them, are residents of said school district and have been for more than one year last past; that each and all of them are now and have been, taxpayers of said school district for more than one year last past."

The trial court rendered judgment in favor of the plaintiffs and ordered that a peremptory writ of mandamus issue commanding the defendants to construct the schoolhouse. Thereafter one Arthur Unruh and Emil Guenther moved to vacate the judgment and, upon the judgment being vacated, for leave to intervene. In affidavits submitted in support of such motion it is stated that said Unruh and Guenther also are patrons of said school district. The motion to vacate the judgment came on for hearing pursuant to notice. The trial court denied the motion and the defendants, Unruh and Guenther, have appealed from the order denying their motion to vacate the judgment. They also have appealed from the judgment.

Plaintiffs have moved to dismiss the appeal from the judgment and also from the order.

The motion to dismiss the appeal from the judgment must be granted. The right of appeal is statutory and can be exercised only when and as authorized by the statute. Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Stimson

v. Stimson, 30 N. D. 78, 152 N. W. 132; Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 N. D. 745, 200 N. W. 1013.

Corpus Juris (3 C. J. pp. 616, 617) says:

"In the absence of a statute extending the right of review to persons other than parties who are aggrieved by a judgment, order, or decree, the general rule is that no one can appeal from a judgment, order, or decree, or bring a writ of error to review it, unless he was a party to the action or proceeding below, or to the judgment, order, or decree, or unless he is a legal representative of a party, or his privity of estate, title, or interest appears from the record. The fact that one is interested in the controversy or aggrieved by the judgment, order, or decree, does not entitle him to come into the case after it has been ended below, and appeal or sue out a writ of error, unless he is allowed to do so by statute."

Our statutes relating to appeal do not authorize one who is not a party to an action or proceeding, or a legal representative or a privy of a party to appeal from a judgment or order. See Comp. Laws 1913, §§ 7819–7821.

Appellants cite and rely on certain decisions rendered in actions brought on behalf of a class,—as an action by a taxpayer on behalf of himself and other taxpayers,—wherein it was held that a person belonging to the class had the right of appeal. It is unnecessary for us to determine whether in a case brought by one person as representative of a class, a person belonging to the class, but not named as a party to the action or proceeding has the right of appeal; for the plaintiffs did not purport to bring this mandamus proceeding for anyone but for themselves. They did not purport to act as champions of others or seek to vindicate the rights of others similarly situated. They predicated the proceeding upon their own rights, and brought it only to vindicate and enforce such rights. The appellants were not parties to the mandamus proceeding, either by being named as such or as members of a class for the benefit of whom the proceeding was brought. The appeal from the judgment is dismissed.

The arguments advanced in support of the motion to dismiss the appeal from the order denying the motion to vacate the judgment and upon the judgment being vacated, for leave to intervene, are devoted

largely to the merits of the order. But "want of merit in an appeal" is no ground for a dismissal. 4 C. J. p. 565, § 2379. The inquiry on a motion to dismiss an appeal does not concern the merits. It concerns only the question whether the decision is appealable, whether the appellant is entitled to appeal, and whether there has been a substantial compliance with the regulations relating to appeals.

The order in question here falls within the provisions of subdivision 2, chapter 7841, Comp. Laws 1913, which provides that "a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment" is appealable.

There is no claim that the statutory provisions relating to appeals have not been complied with. The motion to dismiss the appeal from the order is denied.

The question therefore presents itself whether the trial court was in error in denying the motion of the appellants to vacate the judgment and upon the judgment being vacated, for leave to intervene.

According to the averments in the petition for the writ of mandamus, a schoolhouse in Lowery School District No. 20 in Stutsman county in this state, located at the southwest corner of the NW¼ of section 11, was wholly destroyed by fire on December 31, 1936. Thereafter a number of the voters of said school district filed a petition with the board of directors of the district petitioning that a schoolhouse be constructed upon a site to be selected at or near the northeast corner of the SE¼ of said section 11. An election was called to be held on March 22, 1937, to vote upon the question of the selection of a schoolhouse site at the northeast corner of the SE¼ of said section 11, and upon the further question whether a schoolhouse should be constructed at such site. At such election 52 votes were cast in favor of the proposed site and 42 votes against such site and 59 votes were cast for the building of a schoolhouse and 33 votes were cast against the building of a schoolhouse. The board of directors of the school district canvassed the votes cast at the election on March 22, 1937, and found and declared the result to be as above stated and further declared that the schoolhouse site and the construction of the building had been approved at such election.

On April 23, 1937, the plaintiffs instituted this proceeding in man-

damus to compel the defendants, directors of Lowery School District No. 20, to construct a schoolhouse pursuant to such election. An alternative writ of mandamus was issued returnable May 4, 1937. Thereafter, on April 19, 1937, the directors of said school district No. 20 called another election to be held on May 4, 1937, to vote upon the question whether school No. 2 in said district, located upon a site in the southwest corner of the $NW\frac{1}{4}$ of section 11 and all buildings incident to such school, should be removed. The trial court, upon the motion of attorneys for the plaintiffs, entered an order continuing the hearing on the alternative writ of mandamus until May 6, 1937. In the order of continuance it is recited that a school election has been called to be held on May 4th, making it inconvenient for the parties interested in the proceedings to appear at the hearing and also attend the election. The hearing on the alternative writ of mandamus was had on May 6, 1937. Both plaintiffs and defendants appeared by counsel, and, after hearing, the trial court rendered judgment in favor of the plaintiffs and against the defendants directing a peremptory writ of mandamus to issue commanding the defendant school directors to construct a schoolhouse at the site for which a majority of the electors had voted at the election held March 22, 1937.

In the affidavits submitted by the appellants in support of the motion to vacate the judgment, and in the proposed petition in intervention, it is stated that at the election held May 4, 1937, to vote upon the question of the removal of a schoolhouse and other buildings located on the site in the southwestern corner of the $SE\frac{1}{4}$ of said section 11, 55 votes were cast in favor of such removal and 44 votes were cast against removal. In the petition for intervention it is alleged that the attorney general and two other lawyers had rendered opinions to the effect that "the schoolhouse and site could not be removed without a two-thirds vote of the voters at an election called for that purpose;" that the defendants knew that such opinions had been obtained and that the interveners were of the belief that such rulings would govern the actions of the defendants as school officers. It is also stated in the affidavits of the appellants and in the proposed petition in intervention that the interveners had no knowledge of the action of

the court in rendering a judgment awarding a peremptory writ of mandamus.

Affidavits were submitted by the plaintiffs, in opposition to the motion to vacate the judgment, to the effect that at the election held on May 4th the attention of the intervener, Emil Guenther, was expressly called to the postponement of the hearing of the alternative writ of mandamus to May 6th.

The election held March 22, 1937, related to the question of the selection of a schoolhouse site and whether a schoolhouse should be constructed upon the site to be selected. The election held May 4, 1937, related to the removal of a schoolhouse. Section 1185, Comp. Laws 1913 provides:

". . . If a majority of the voters present at such meeting shall by vote select a schoolhouse site or shall be in favor of the purchase, exchange or sale of the schoolhouse, as the case may be, then the board shall proceed to carry out the decision of the voters of the district, provided it shall require a vote of two-thirds of the voters present and voting at such meeting to order the removal of the schoolhouse. . . ."

It is the contention of the interveners that the election held March 22, 1937, while in form an election for the selection of a schoolhouse site was in fact and in law an election for the removal of a school and not an election for the selection of a site and, hence, that it required a vote of two-thirds of the voters present and voting at such election to order the removal of the schoolhouse and authorize the construction of a schoolhouse on a new site.

The judgment in this proceeding was rendered May 6th. The application to vacate the judgment and, upon vacation, for leave to intervene, was made July 6th.

"A motion to open or vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its determination will not be disturbed on appeal unless it is plain that its discretion has been abused, in accordance with the usual rule governing the appellate review of discretionary determinations. Even where the judgment is wholly void, the court may in its discretion refuse to vacate it and leave the party affected to show that it is void whenever it is invoked against him. But the court must act

upon a sound legal and impartial discretion, not arbitrarily, oppressively, or from mere caprice." 34 C. J. pp. 364, et seq.

"An application to open or vacate a judgment is an appeal to the equitable powers of the court, addressed to the discretion of the court, and is to be disposed of upon equitable principles so as to do justice to all persons concerned. Generally the discretion will not be favorably exercised unless the enforcement of the judgment would be unjust, oppressive, or inequitable, as to the moving party, who must be actually or prospectively injured or prejudiced by it, and be benefited by its opening or vacation, nor unless the motion can be granted without material injustice or injury to the opposing party, or prejudice to the intervening rights of third persons." 34 C. J. pp. 371, et seq.

The general rule is that none but the parties to a judgment can have it set aside; and that a stranger to the record who was neither a party nor privy to the action cannot move to vacate the judgment. 1 Freeman, Judgm. 5th ed. § 258; 34 C. J. p. 344, § 558.

This general rule, however, is subject to the exception that persons, not nominal parties to the action or successors in interest, but whose rights are injuriously affected thereby may, under proper circumstances, have a judgment vacated. 1 Freeman, Judgm. §§ 260 et seq.; 34 C. J. p. 345.

The application of the appellants in this case was for a double purpose: (1) to obtain a vacation of the judgment; and (2) upon the judgment being vacated, for leave to intervene. It was actually and for all purposes an application for leave to intervene after judgment had been rendered. It would have been an idle ceremony to vacate the judgment unless the petition to intervene were also granted. Our statute relating to intervention provides:

"Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made

by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it was an original complaint." Section 7413, Comp. Laws 1913.

The right to intervene is purely statutory. 14 Standard Proc. 289; Dickson v. Dows, 11 N. D. 407, 409, 92 N. W. 798. It is addressed to the sound judicial discretion of the trial court. State ex rel. Fargo v. Mitchell, 24 N. D. 196, 139 N. W. 572. The interest in a matter of litigation which will authorize a person to intervene in an action or proceeding under § 7413, Comp. Laws 1913 "must be such a direct and immediate interest that the persons seeking to intervene will either lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action." Dickson v. Dows, supra, syllabus, ¶ 1.

In State ex rel. Fargo v. Mitchell, 24 N. D. 196, 139 N. W. 572, this court had occasion to review an order denying an application for leave to intervene in a mandamus proceeding. That was a mandamus proceeding instituted by the city of Fargo against the city treasurer to compel him to certify that certain bonds of the city were issued pursuant to law and were within the debt limit. In his answer the city treasurer alleged, among other things, that there then was pending an action brought by a citizen and taxpayer attacking the validity of a contract for the payment of which the proceeds of bonds were to be used. The city demurred to the answer of the city treasurer and the demurrer was sustained. After the ruling on the demurrer a citizen and taxpayer asked leave to intervene in his own behalf and in behalf of other citizens and taxpayers of the city. He alleged that the proceeds of the bonds involved in the mandamus proceeding were to be used in payment of a contract for the construction of a waterworks station and filtration plant and that such contract was void. The district court denied the application for leave to intervene and the intervener appealed. This court held that notwithstanding the good faith of the intervener and his interest in the subject-matter there was no abuse of discretion on the part of the trial court in refusing leave to intervene after the demurrer interposed to the answer

had been argued by counsel, even though a decision on the demurrer had not been rendered. The case cited indeed seems to have presented a stronger showing for intervention than does the one at bar.

As has been pointed out, appellant's motion had two phases: (1) a motion to vacate the judgment; and (2) upon the judgment being vacated, a motion for leave to intervene. Both phases of the motion were addressed to the sound judicial discretion of the trial court.

No rights of the appellants were concluded by the judgment rendered in this proceeding. They were not parties, and the judgment is not res judicata against them. It cannot be said that the trial court abused its judicial discretion in refusing to vacate the judgment and granting leave to intervene.

The appeal from the judgment is dismissed. The order denying the motion to vacate the judgment and for leave to intervene is affirmed.

CHRISTIANSON, Ch. J., and MORRIS, BURR, and NUESSLE, JJ., concur.