John B. HART, Plaintiff and Respondent,

v.

Clarence BYE, Edward Jollie, Arthur Lindbo, Walter Tastad, and Bennie Haagenson, as the Board of County Commissioners of Rolette County, Defendants and Appellants.

No. 7701.

Supreme Court of North Dakota.

Aug. 29, 1957.

Rehearing Denied Dec. 20, 1957.

See, also 76 N.W.2d 139.

**636**

Clyde Duffy, Devils Lake, for plaintiff, respondent.

Rausch & Chapman, Bismarck, for defendants, appellants.

MARK H. AMUNDSON, District Judge.

Judgment was entered April 15, 1957 in the District Court in an action brought by plaintiff, for himself and other taxpayers, against Bye, Lindbo, Tastad, Haagenson and Jollie, as the Board of County Commissioners of Rolette County, restraining said Board from using any part of the Memorial Fund for division among or use by or for or on behalf of the American Legion Posts of said Rolette County, and from using any part of said Memorial Fund as a donation or loan to any non-public body or instrumentality, and for costs.

An Appeal was taken.

Prior to the arguments on the merits, respondent moved the dismissal of the appeal on the ground that the questions involved are moot and in support of his motion filed a certified copy of an excerpt of the minutes of a meeting of the Board of County Commissioners of date June 4, 1957. Such excerpt contained the text of a resolution rescinding and annulling all of the resolutions heretofore passed by said Board of County Commissioners relating to the Memorial Fund and the disbursement of said Memorial Fund by dividing said fund in six equal parts, to the submission of projects by the Posts, to the advertising for bids, the acceptance of certain bids, and which resolutions so rescinded had been duly passed on by the District Court.

The resolution further provided as follows: "Be it further resolved that the Board accepts the judgment of April 15, 1957, as a final decision upon the merits of the issues involved and that no appeal therefrom is authorized."

Respondent's motion was resisted and the affidavit of one Chapman was duly filed; such affidavit stated in substance that he is the attorney for said Tastad, Haagenson and Jollie, who were county commissioners at the time of the commencement of this action, that he has been compensated for his work herein by five of the American Legion Posts of Rolette County; and that such Legion Posts are interested parties in the appeal and claim to have binding contracts with Rolette County in connection with the disbursement of said Memorial Fund; that the County Commissioners have received bids from contractors on the proposed memorials; that the return of their certified bid checks to said contractors was the action of the County Auditor alone.

█ An appeal will be dismissed if the questions raised therein become moot or academic, not leaving an actual controversy to be determined. Acquiescence by appellant in the judgment of the trial court, generally necessitates a dismissal. Heinemeyer v. Mercer County, 52 N.D. 720, 204 N.W. 182; Brace v. Steele County, 77 N.D. 276, 42 N.W.2d 672.

Appellants rely upon the case of Froemke v. Parker, 39 N.D. 628, 169 N.W. 80, as sustaining their contention that the appeal may not be dismissed. In that case, appellants complied with the judgment of the trial court, only pending the appeal and for the purpose of avoiding the necessity for a supersedeas bond. This case emphasizes the rule above stated, that the acquiescence in the judgment of the trial court must be voluntary, full and unequivocal.

█ The acquiescence of the Board is complete in that they accept the judgment of the trial court as a final decision on the merits of this lawsuit.

However, appellants invoke the exception to the moot question rule and say that, even though the Board has accepted the judgment of the trial court, the questions involved on the merits should be passed upon because these are questions of great public interest.

There is no well defined rule as to what constitutes great public interest. In O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675, it was held that the constitutionality of a statute relating to the elections and terms of County Commissioners should be determined, even though the controversy had become moot; a like holding appears in State ex rel. Dakota Trust Co. v. Stutsman, 24 N.D. 68, 139 N.W. 83, with reference to the power and authority of the R. R. Commissioners to regulate public utilities such as public warehouses. But a decision on the merits was denied in State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714, on a question relating to whether or not a statute relating to the recall of city officials was repealed, and in North Dakota Wheat Growers' Ass'n v. Moore, 52 N.D. 904, 204 N.W. 834, on matters relating to the internal affairs of a private corporation; and in Dakota Coal Company v. Fraser, 8 Cir., 267 F. 130, a review was denied even though the controversy related to the rights of the State Adjutant General to seize private property, where it was argued a decision would act as a guide in like controversies.

█ In State ex rel. Freeling v. Lyon, 63 Okl. 285, 165 P. 419, 420, the following statement is made: "We understand 'public interest' to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question."

█ This controversy is not of such general interest as to constitute "great pub-

lic interest". At the most the decision will affect only the people in Rolette County. See State v. Nelson County, 1 N.D. 88, 45 N.W. 33, 8 L.R.A. 283. The exception to the moot question rule should not be granted upon so narrow a basis.

Appellants rely on Froemke v. Parker, supra, as preventing dismissal of the appeal, because a cost judgment has been entered. The question of costs did not enter into the decision in such case, and such case was decided on other grounds, as hereinbefore pointed out.

■ The merits of a question which has become moot will not be passed upon simply to relieve appellant from paying costs. Costs are distinct from and do not relate to the merits, are merely an incident of an action and do not arise until the question of merits has been passed upon. In re Kaeppler, 7 N.D. 307, 75 N.W. 253; Chicago, B & Q. R. Co. v. Board of Supervisors, 206 Iowa 488, 221 N.W. 223.

The Appeal is dismissed.

GRIMSON, C. J., and SATHRE, BURKE and MORRIS, JJ., concur.

JOHNSON, J., deeming himself disqualified did not participate, MARK H. AMUNDSON, District Judge, sitting in his stead.

### On Petition for Rehearing

On petition for rehearing it appears that the principal grounds relied upon are, that the American Legion Posts of Rolette County and some of the individual county commissioners, named as the members of the Board of County Commissioners in the Notice of Appeal, are aggrieved by the judgment herein, and are therefore entitled to appeal therefrom on the merits.

The parties in the Notice of Appeal, dated May 20, 1957, are described as, John B. Hart, plaintiff v. Clarence Bye, Arthur Lindbo, Walter Tastad, Bennie Haagenson

and Edward Jollie, as the Board of County Commissioners of Rolette County. It is evident that this action was tried against the Board of County Commissioners, as such, and not against the named commissioners individually, and it is further evident that none of the American Legion Posts of Rolette County are named in such notice, nor were they parties of record in the action in the District Court which rendered judgment herein.

■ The American Legion Posts, nor any of them, not being parties of record, neither representatives nor privies of a party of record, have no right of appeal from such judgment in the absence of a statute giving them such right. North Dakota has no such statute but, on the contrary, the statutes on appeal do not authorize one who is not such a party of record to appeal. Sections 28-2703, 28-2704, 28-2705, and 28-2708, N.D.R.C.1943. Guenther v. Funk, 67 N.D. 543, 274 N.W. 839, 112 A.L.R. 428; Chicago, B. & Q. R. Co. v. Board of Supervisors, 206 Iowa 488, 221 N.W. 223.

■ The Board of County Commissioners must act collectively at a duly called and held meeting. The county is not bound by any action taken by a commissioner or commissioners acting individually. Rolette State Bank v. Rolette County, 56 N.D. 571, 218 N.W. 637; Rolette State Bank v. Rolette County, 55 N.D. 377, 213 N.W. 848; State ex rel. Kopriva v. Larson, 48 N.D. 1144, 189 N.W. 626; Rockingham County v. Luten Bridge Co., 4 Cir., 35 F.2d 301, 66 A.L.R. 735.

■ Nor has an individual County Commissioner a right of appeal in an action brought against the Board of County Commissioners, such attempted appeal being a nullity. State ex rel. Erb v. Sweaas, 98 Minn. 17, 107 N.W. 404; Rockingham County v. Luten Bridge Co., supra.

Upon the original hearing on the motion for dismissal of the appeal, the contention was that the Board of County Commission-

ers of Rolette County was the appellant, but the said Board having acquiesced in the judgment of the District Court, the appeal was dismissed.

In the petition for rehearing, it is urged that the individual county commissioners and the American Legion Posts or Rolette County, being aggrieved by the judgment of the District Court, are proper parties to the appeal and entitled to be heard on the merits. These contentions are untenable, for the reason that, one not a party of record in the District Court or, a county commissioner in his individual capacity, is not a proper party to an appeal from a judgment of the District Court against a Board of County Commissioners. There is no appeal herein.

The petition for rehearing is denied.

GRIMSON, C. J., and BURKE, SATHRE and MORRIS, JJ., concur.

JOHNSON, J., deeming himself disqualified did not participate.

MARK H. AMUNDSON, District Judge, sitting in his stead.