## SMALLS *v.* THE STATE.

The verdict of a coroner's jury, in this State, is advisory merely to the officers charged with the execution of the public law in cases of homicide, binds no one as a judgment, has no probative effect as evidence, can prejudice the right of no one, and is, therefore, not subject to be reviewed, set aside or quashed in the superior court, either at the instance of the person accused by it or of any other person.

Argued June 7, — Decided June 16, 1897.

Petition to quash inquest. Before Judge Falligant. Chatham county. April 21, 1897.

*C. N. West* and *T. P. Ravenel*, by *King & Spalding* and *H. A. Alexander*, for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.

SIMMONS, C. J. On February 11, 1894, an inquisition was taken in Chatham county, Georgia, before the coroner of that county, upon view of the body of J. C. Neve. The coroner's jury returned a verdict that Neve "came to his death from a gunshot wound inflicted by a weapon in the hands of Abe Small, and we consider it murder."

On March 24, 1897, Smalls filed in the superior court a peti-

tion praying "that the said inquest and verdict may be quashed and that an order of *melius inquirendum* shall be granted by this court to the coroner of the county of Chatham, and that the said inquiry should be held by the coroner *super visum corporis.*" The grounds of this petition were, that the inquisition and verdict do not show the time of the injury that caused the death of Neve, nor the time nor place of such death, nor that such death occurred within the limits of the county of Chatham. The solicitor-general of the circuit was served with this petition, and demurred to the same. The judge, upon the hearing, sustained the demurrer and denied the petition; and to this judgment Smalls sued out a writ of error to this court.

The judge, in his order sustaining the demurrer of the solicitor-general, says: "The incidents and characteristics of a coroner's inquest, under the old practice at common law in England, where the verdict could be used for prosecuting the offenders without and instead of an indictment by a grand jury (see Clarke's Criminal Procedure, pp. 73, 130), and where it also fixed the value of the property forfeited, have disappeared in this State, the inquest and its finding amounting only to the finding of a court of inquiry." This reason we consider sufficient to sustain the judgment of which complaint is here made. At common law the verdict of a coroner's jury was, when it contained the subject-matter of an accusation, equivalent to an indictment of the accused for the homicide of the deceased. The writ of *melius inquirendum* issued in certain cases, as where the misbehavior of the coroner rendered necessary another inquiry *super visum corporis.* Our laws relating to the subject differ fundamentally from the common law. In this State, under our present system, the verdict of a coroner's jury is merely advisory to the officers charged with the execution of the public law, and may also make it the duty of the coroner to issue a warrant for the arrest of the person suspected of the homicide, but further than this it is without effect. Portions of the evidence given at the inquest may sometimes be admissible at the trial of the accused for the homicide, but the verdict has itself no probative effect as evidence, and is binding upon no one as a judgment. It can prejudice

the rights of no one, and is, therefore, not subject to be reviewed, set aside or quashed in the superior court, either at the instance of the person accused by it or of any other person. Under our system the writ of *melius inquirendum* will not lie to such verdict. Penal Code §§ 1255–1269.

The judgment of the court below, sustaining the demurrer to the petition, was without error, and is therefore

*Affirmed. All the Justices concurring.*