HERMAN STEINMUELLER, Respondent, v. DOROTHEA LIEBOLD, Appellant.

(175 N. W. 729.)

Judgments — vacating and setting aside judgment where the court was deceived as to certain material facts — may be vacated even after the expiration of one year.

1. Where the trial court makes an order or judgment, and judgment is

entered upon such order, and it is afterward made to appear to it that it was deceived as to certain material facts, at the time of the making of such order, and which affected the making thereof, as between the parties, it may vacate and set aside such judgment and order at any time, even after the expiration of one year.

**Judgments — order for judgment — where order is filed contrary to facts in the case, court may change judgment to conform to facts on own motion.**

2. Where a trial court made a mistake in signing an order for judgment, which was contrary to the facts in the case, it could, upon the mistake being called to its attention, correct its records so as to conform to the facts, and this, upon its own motion, under and by virtue of its inherent powers.

Opinion filed November 29, 1919.

This is an appeal from an order of the District Court of La Moure County, *J. A. Coffey*, J.

Order affirmed.

*Hutchinson & Lynch*, for respondent.

*G. G. Lasell* and *M. C. Lasell*, for appellant.

GRACE, J. This appeal involves the question of $19 costs in a certain lawsuit brought by the plaintiff against the defendant, and which was in open court at the February, 1918, term at La Moure, dismissed by the parties without costs to either party, though the defendant claims she was to be awarded costs.

The minutes of the court of February 4, 1918, show that the action was dismissed without prejudice and without taxable costs on motion of plaintiff and order of the court. The defendant procured an order of the court to be signed on February 5, 1918, dismissing the action, in which it was stated that the matter came on regularly to be heard at the February term of court at La Moure, North Dakota, the plaintiff being represented by his attorneys, Hutchinson & Lynch, who were present in court, and the defendant was represented by her attorneys, G. G. Lasell and M. C. Lasell, who were present in court.

The order further shows that the motion for dismissal was made by plaintiff's attorneys. It further stated that the action was ordered dismissed without prejudice, but with costs to be taxed in favor of the defendant.

On the 22d day of April, 1918, the defendant in pursuance of that order procured a judgment to be entered for $19. The defendant thereafter caused an execution to be issued on the judgment. On the 22d day of April, 1918, the court made the following order:

"The above-entitled case having been on the calendar at the last term of court, and the plaintiff by his attorneys, Hutchinson & Lynch, having moved a dismissal, without prejudice and without costs, and the clerk having entered a dismissal on the minutes without prejudice and without costs, and the defendant by her attorneys, Lasell & Lasell, having subsequent thereto presented an order to the court allowing costs to be taxed for the defendant, and the defendant by her attorneys having noticed the taxation of costs for April 15, 1918, and the plaintiff having filed written objections to such taxation, and it appearing to the court that there is a misunderstanding and an honest dispute as to the right to tax costs, now on motion of Hutchinson & Lynch, it is ordered that the matter be referred to and be presented to the court at the next term thereto, at La Moure, when both sides may be heard. Dated this 22d day of April, 1918. By the Court, J. A. Coffey, Judge."

In June, 1919, a motion was made by the plaintiff, supported by affidavit, for the vacation of the judgment and the order upon which such judgment was based. The court did vacate the order and the judgment, and in his order vacating them in substance stated that the order was entered erroneously by the court, and further provided that the judgment docketed on the order and the execution issued out of the district court be vacated, set aside, and declared to be null and void and of no force or effect, said order for judgment having been signed by the court on a belief that its contents were known to the plaintiff. The court also based its dismissal on the minutes of the court. This order was procured ex parte by the plaintiff's attorneys, and not served upon the defendant.

The order of the court made on the 22d day of April, 1918, was, by mail, sent to the attorneys for the defendant, who admitted service on the order, and sent it, by mail, to plaintiff's attorneys, accompanied by the following letter:—

"I herewith hand you the order with service admitted, as of this date. I surely shall not violate the order; however, the order does not state facts as they are, and I do not believe the court has any right to

make any such order. When will the court have a *next* term at La Moure?"

The judgment was entered on the 22d day of April, which is the date of the order revoking the order of February 5, which became first effective; it does not appear from the record in this case. It does appear, however, that the court signed the order of February 5, under the belief that its contents were known to the plaintiff. It also appears that the court believed the case was dismissed without prejudice and without costs, and the entry in its minutes so shows.

The tenor of the order of April 22 is to the effect that the court was deceived as to the true status of matters at the time he signed the order of February 5th.

Most of the judges of the district court of this state are usually very busy. Their entire time is occupied in the discharge of their duties. Many important matters are constantly occupying their attention. The order of February 5th is a matter of little significance. The probabilities are very great that the court did not refer to its minutes, and relied, as is often the case, upon the attorneys presenting their order, to have it in proper condition and rightfully and properly drawn in accordance with the established facts. If the court is at any time deceived in the making of an order, it can as a general rule, of its own motion, rectify the matter.

It does appear the court was deceived at the time it made the order of February 5th, and it no doubt would not have made the order if its minutes which refer to this matter had been called to its attention. There was no intentional deception of the court by anyone. This, however, would be immaterial if the court was deceived. The procuring and entering of the judgment, under such circumstances, as between the parties, could be vacated and set aside at any time when called to the attention of the court, even after the expiration of one year from the entry thereof. Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Mougey v. Miller, 41 N. D. 81, 169 N. W. 735.

There is another principle that also applies in this case. The court having made a mistake of fact, it had the inherent right, upon its own motion, to correct its records to make them conformable to the facts, and could thus vacate the judgment in this case, even after the expiration of one year.

The defendant cannot be heard to say that the action was dismissed without notice, for the order of April 5th, presumably presented by her attorneys, shows that both parties were present in court by their attorneys at the time of the dismissal of the action; thus, both parties had full and complete notice of the dismissal thereof.

The order appealed from is affirmed. Respondent is entitled to statutory costs of appeal.

ROBINSON, J., concurs.

BRONSON, J. I concur in the result.

ROBINSON, J. (concurring). This is an appeal from an order vacating a pretended judgment in favor of defendant Dorothea for costs amounting to $19. The judgment was entered in February, 1917; the order vacating it in June, 1918. It was made on the ground that the judgment was entered by mistake, contrary to the minutes of the clerk showing that the action was to be dismissed without costs or prejudice. Time does not run against the right of a court to vacate a pretended judgment entered by mistake, deception, or fraud, because it is in fact no judgment at all. Such an appeal merits no consideration or serious discussion. It should be dismissed and thrown out of court in a summary manner. Counsel should have more respect for themselves and the court than to appeal such a petty matter.

Affirmed.

CHRISTIANSON, Ch. J. (concurring). On February 4, 1918, the trial court made an entry in its minutes to the effect that said action "was dismissed without prejudice and without taxable costs on motion of attorney for plaintiff and order of the court." On the day following, to wit, February 5, 1918, the trial court signed an order for judgment in said action wherein it "ordered that said action be and the same is hereby dismissed, without prejudice to the starting of another action, but with costs to be taxed in favor of the defendant." Thereafter the defendant's attorney prepared and served statement of costs and disbursements, and notice of taxation. The matter was noticed to be heard before the clerk of said

district court on April 15, 1918. The plaintiff appeared before the clerk and objected to the taxation of costs "on the ground that the action was dismissed without prejudice and without costs, and that at all times that was the understanding upon which the action was to be dismissed and was dismissed." On April 22, 1918, the clerk of the district court entered judgment, in accordance with the order for judgment, for a dismissal of the action, and taxed costs in favor of the defendant in the sum of $19. On the same day the trial court entered an order, upon the application of plaintiff's attorney, to the effect "that the matter (of taxation of costs) be referred to and be presented to the court at the next term thereof at La Moure, when both sides may be heard." The matter was never brought on for hearing. On June 13, 1919, plaintiff's attorney presented to the court an *ex parte* application, supported by the affidavit of one of plaintiff's attorneys, that the order of judgment and judgment formerly made and entered be vacated and set aside, and that a new order for judgment be entered or that the former "order be reformed to the effect that said action be dismissed without prejudice and without costs to either party." The trial court, without any notice whatever to the defendant, made an order to the effect "that the order heretofore entered by this court dismissing without prejudice and with costs to the defendant, and the judgment entered and docketed on said order, and the execution issued out of the district court in said La Moure county, be and the same hereby are vacated and set aside and declared to be null and void and of no force and effect." The defendant has appealed from such order.

While there seems to be grave doubt as to the power of the district court to amend the judgment upon an *ex parte* application in the manner, and under the circumstances, in which it was ordered in this case (Black, Judg. 2d ed. § 164; 23 Cyc. 878; 15 R. C. L. p. 674, § 126), that question is not—nor is any question as to the correctness or validity of the order—before this court. For, by the plain words of our statute, "orders made by the district court or the judge thereof without notice are not appealable." Comp. Laws 1913, subd. 5, § 7841. *Hence, the appeal should be dismissed.*

BIRDZELL, J., concurs.