## BANK OF INKSTER, a Corporation, Respondent, v. AUGUST CHRISTENSON.

## MARY CHRISTENSON, Appellant.

(194 N. W. 702.)

**Husband and wife — wife of mortgagor held estopped to assert claim to property as against mortgagee.**

In an action to foreclose certain chattel mortgages executed by one of the defendants, the other defendant, wife of the mortgagor, claimed to be the owner of some of the property mortgaged. The evidence is examined, and it is held to support the findings of the trial court that the wife of the mortgagor is estopped to assert her title as against the mortgagee.

Opinion filed July 11, 1923.

Husband and Wife, 30 C. J. § 486 p. 830 n. 74.

Appeal from the District Court of Grand Forks County, *Cooley,* J. Affirmed.

*W. J. Mayer,* for appellant.

It is generally held, however, that even where property is produced by the husband's efforts upon his wife's land, it belongs to the wife as against even her husband's creditors. Olson v. O'Connor, 9 N. D. 504, 84 N. W. 359.

"It is a well-settled rule of equity which has been adopted by the courts of law that where A has, *by his acts or representations or by his silence when he ought to speak out, intentionally or through culpable negligence, induced B to believe certain facts to exist,* and B has *rightfully acted on this believe so that he will be prejudiced if A is permitted to deny the existence of such facts,* A is conclusively estopped to interpose a denial thereof." 11 Enc. Law, 421.

"The primary ground of the doctrine is that it would be a fraud in a party to *assert* what his previous conduct has *denied,* when others have *acted on the faith of that denial.* The element of *fraud is essential,* either in the intention of the party estopped or in the effect of the evidence which he attempts to set up." 11 Enc. Law, 422.

"It is held that the facts necessary to work an estoppel must appear affirmatively." 11 Enc. Law, 424.

"To constitute an estoppel there must be a false representation or concealment of material facts, made with knowledge of such facts to one ignorant of the truth in regard thereto, with the intention that he shall act thereon, and action by him induced by such representation." Eickelberg v. Soper, 1 S. D. 568, 47 N. W. 953.

"To establish an estoppel in pais it must be shown that the person sought to be estopped has made an admission or done an act with the intention of influencing the conduct of another, or that he had reason to believe that his conduct would be influenced thereby, that such other party has acted upon or been influenced by such act, and that he will be prejudiced by allowing the truth of the admission to be disproved." Parliman v. Young, 2 Dak. 175, 4 N. W. 139.

"One is not estopped from claiming title to property by a prior admission of his want of title, where such admission was made without knowledge of the title, and without intent to deceive." Gjerstadengen v. Hartzell, 9 N. D. 268, 83 N. W. 230.

"In order to constitute an estoppel it is not sufficient to show that the language, acts, or conduct of one party might have misled the other to his prejudice; but it must affirmatively appear that the latter was in fact misled or induced thereby to do something that he would not otherwise have done." Sutton v. Consolidated Apen Min. Co. 15 S. D. 410, 89 N. W. 1020; Peabody v. Lloyds Bankers, 6 N. D. 27, 68 N. W. 92.

Strangers can neither be bound or take advantage by an estoppel. 11 Enc. Law, 432.

"The person claiming the estoppel must be without knowledge *and also destitute of any available means of acquiring such knowledge.*" 11 Enc. Law, p. 434.

*McIntyre, Burtness & Robbins,* for respondents.

"It is a well-established principle that where the true owner of property, for however short a time, holds out another, or, with knowledge of his own right, allows another to appear, as the owner or as having full power of disposition over the property, the same being in the latter's actual possession, and innocent third parties are thus led into dealing with such apparent owner, they shall be protected. Or where others are innocently induced to acquire rights in derogation of the secret or undisclosed claims of those who cause such action, the rights so acquired are secure whether contested in law or in equity. Such rights do not depend upon the actual title or right or authority of the party with whom they have directly dealt but are derived from conduct of the real owner which precludes him from disputing against them the existence of the title or right of power which he caused or allowed to appear to be vested in the party making the sale." Bigelow, Estoppel. 7th ed. 607.

"A party in possession of personal property is presumed to be the owner of it, and where such owner puts another in possession, and clothes him with the indicia of ownership, he loses his right thereto, as against creditors of that person." Hedbrun v. Ellsworth, 190 Ill. App. 388. Bodine v. Killem, 53 N. Y. 93; Boise Butcher Co. v. Anixdale, 144 Pac. 337; O'Connor v. Clark, 29 L.R.A. 607; Davis v. Bank, 25 L.R.A.(N.S.) 760.

"The general principle above stated applies to the conduct of a married woman in allowing the title to securities to stand in the name of her husband, or the apparent ownership of personal property or money to be in him." 10 R. C. L. 743.

BIRDZELL, J. This is an appeal from a judgment in an action to foreclose certain chattel mortgages securing a note of $5,000, dated April 14, 1920, due November 1, 1923, and executed by the defendant August Christenson alone. The facts as disclosed by the record are

substantially as follows: The defendant Mary Christenson was twice married. Her first husband died in 1910. Up to that time they had been living on a rented farm. The widow conducted a sale selling the personal property, except a cow and some heifers. Subsequently she moved to her own farm where she, together with her three children, continued to reside, renting the land for two years to a tenant. In the fall of 1912, she rented the land to the defendant August Christenson who continued to farm it as a tenant until 1916, the defendant Mary and her children residing thereon. In July, 1916, the defendants intermarried and August Christenson continued to carry on the farming operations until the fall of 1921. At the time of the marriage Christenson owed between $1,500 and $2,000, and, after conducting the farming operations for a period of approximately four years, or until April, 1920, he was owing $4,020.54, which indebtedness was largely represented by notes in the plaintiff bank and two other banks. To take up this outstanding indebtedness and to cover advances to be made during the then current year, the note in suit was executed. Concurrently therewith, August Christenson executed a chattel mortgage covering a large amount of farming equipment and live stock. The following month he executed another mortgage on an undivided two-thirds interest in the 1920 crop on certain rented land as security for the same indebtedness. In February, 1921, as additional security, he gave another mortgage on two horses and the 1921 crop, and in September of the same year, he executed a mortgage upon an automobile and some hogs. These mortgages contained the usual insecurity clause. August Christenson disposed of some of this mortgaged property and, in the late summer or fall of 1921, an attorney, acting for Mary Christenson, notified the plaintiff that she claimed some of the property covered by the mortgages. Also, August Christenson requested the plaintiff to come and take the property as he would no longer be responsible for it. Thereupon this action was instituted. The trial court gave the plaintiff a judgment against August Christenson of $4,100 and costs, and further adjudged the mortgages to be first liens upon the property described in them and decreed a foreclosure of the same. This judgment was entered the 27th of November, 1922. Thereafter, on the 12th of December, 1922, an order to show cause was issued, directing that the defendants show cause why the judgment should not be amend-

ed so as to provide that the mortgages therein described constituted valid liens upon the increase of all female animals described in the mortgages. This order was issued upon the affidavit of the plaintiff's attorney, which stated that, in drawing the findings, he had, through inadvertence and oversight, neglected to set forth this clause in the mortgages and similarly had neglected to incorporate in the judgment any provision covering such increase. Pursuant to this order the findings were amended and an amended judgment entered, extending the lien and the foreclosure to the increase of all female animals described in the mortgages. The order for the amended judgment was dated December 20, 1922, and directed the entry of a judgment nunc pro tunc as of November 27, 1922. Upon this appeal the appellant demands a trial de novo and also specifies certain errors for review.

The defendants answered separately in the court below, but were represented by the same attorney. The defendant Mary Christenson alone appeals. The principal contention is that the court erred in including in the judgment of foreclosure certain property of which she claimed to be the owner. This consisted of a single buggy, manure spreader, cream separator, some milk cows, steers, calves, hogs and crops. Both she and her husband testified to her ownership of this property, but they also testified to certain facts upon which the trial court based an estoppel to assert her title as against the plaintiffs in this action. Briefly stated, these facts are: After the marriage of the two defendants, the business was transacted in the name of August Christenson. The charge account at the store for family expenses was in his name. Property that was sold from the farm, whether property claimed now to have been owned by Mary Christenson or August Christenson, was sold by him, and when the proceeds were deposited the deposit was in his name. He had previously borrowed money or secured indebtedness on at least two occasions at other banks, mortgaging the property which is now claimed to have been the property of Mary Christenson. He asserted to the plaintiff bank that he was the owner of the property. There was a mortgage on the land of Mary Christenson, and August paid the interest,—part of the time borrowing money on his own note for such interest. The property was all listed for taxation in the name of August. August had sold hogs to the butcher and received the payment, which hogs are now claimed to

have been owned by Mary. August was doing all of the business. He made arrangements for the support of the family, paid interest on the farm mortgages and paid taxes as though he owned all of the property. In the testimony of August, he emphasizes throughout the idea that he was acting upon his wife's instructions at all times, but nevertheless he tacitly admits that the third parties with whom he dealt did not know of her asserted dominion over him and her property. We are satisfied from a careful perusal of the record that the testimony amply supports the finding of the trial court to the effect that the defendant Mary Christenson held the plaintiff out to the world as the owner of the property embraced in the mortgages and the conclusion that as to the plaintiff, dealing with him on the strength of his assumed ownership, she is estopped to set up her title.

Further contention is made that the trial court erred in amending the judgment after the term at which it was entered had gone by. There is no merit in this contention. It is firmly established in this jurisdiction that the power to vacate or modify judgments is not restricted to the term at which they are entered. In this state there are no terms of the district court in the common law sense of the word.

Section 7350, Comp. Laws 1913, provides "The district court is always open for the purpose of hearing and determining all actions, special proceedings, motions and applications of whatever kind or character, . . . " and § 7966, Comp. Laws 1913, provides "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." The trial court clearly had the power to entertain the motion of the respondent and to modify the findings and judgment. See Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A.(N.S.) 606, 116 N. W. 529.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, SVEINBJORN, JOHNSON, and NUESSLE, JJ., concur.