922

■ METRO ATLANTIC, INC., v. SIDNEY PROBST.— Motion to dismiss appeal granted, with $10 costs. Concur—Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ DAVID GREEN et al. v. FRED RUDINGER.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before December 4, 1962, with notice of argument for the January 1963 Term of this court, said appeal to be argued or submitted when reached. Concur—Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ EDWARD SELEN v. L. ABELSON & SON, INC.— Motion to dismiss appeal granted, with $10 costs. Concur—Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

## (November 8, 1962)

■ In the Matter of CASA MILANO REST. CORP. v. NEW YORK STATE LIQUOR AUTHORITY.— Motion for a stay denied. Concur—Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.

■ In the Matter of JOHN MITCHELL, Respondent, v. MILTON HELPERN, as Chief Medical Examiner of the City of New York, et al., Appellants.— Order, entered on November 27, 1961, unanimously reversed, on the law and on the facts, and the petition dismissed, without costs. The appellants who are Medical Examiners of the City of New York appeal from an order at Special Term expunging from the public records a statement that the death of petitioner's son was suicidal and directing that an entry be made in the records that it was accidental. The petitioner has a sufficient interest in the subject matter to maintain the proceeding and it was instituted in time. The death was due to a gunshot wound. An impartial evaluation of the medical and other facts could result in a finding of accident, and while there could be a finding that the cause was unknown, there are also circumstances from which a reasonable mind might infer that it was suicidal. In such an arguable situation capable of sustaining different inferences, the determinations of the Medical Examiners must be sustained as far as their entries on the public record are concerned unless the determinations are arbitrary. The Medical Examiners were required by law to "keep full and complete records" of their proceedings and findings (New York City Charter, § 879) and suicide is one of the subjects within their statutory competency to examine (Charter, § 878; Administrative Code of the City of New York, §§ 879–1.0; 878–3.0). It has not been demonstrated that the conclusions of respondents were arbitrary even if, for the purpose of this proceeding it might be assumed they were mistaken. A public determination is arbitrary when no reasonable man would be expected to make it. Concur—Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ In the Matter of SIDNEY SINGER et al., Appellants, v. JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, et al., Respondents.— Orders, entered on July 31, 1961, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur—Breitel, J. P., Stevens, Eager, Steuer and Bergan, JJ.

■ LASKER-GOLDMAN CORPORATION, Appellant, v. EDWARD G. McDONNELL RIGGING CO., INC., et al., Respondents.— Order, entered on April 12, 1961, unanimously affirmed, with $20 costs and disbursements to respondents. No opinion. Concur—Breitel, J. P., Valente, McNally, Stevens and Bergan, JJ.