Hyman Korn, J.
Petitioner, in this article 78 proceeding, seeks to amend a death certificate so as to recite the cause of death as ‘1 accidental ’ ’ rather than occasioned by 1 ‘ myocardial infarction ”.
The respondents, the Commissioner of the New York State Department of Health and the Coroner of Rockland County, cross-move before answering (Civ. Prac. Act, § 1293) for the dismissal of the petition on the ground that the proceeding had not been commenced within the four-month period of limitation (Civ. Prac. Act, § 1286), and on the further ground of legal insufficiency.
The deceased died on July 6, 1962 in Rockland County. The Coroner of that county, after an investigation, determined that the deceased met his death as a result of a myocardial infarction. The certificate of death was signed on July 6,1962 and filed with the local Registrar on July 9,1962. The petitioner, a son of the deceased, instituted this proceeding by order to show cause on November 27, 1962.
Apart from the fact that petitioner does not demonstrate that he is aggrieved by the Coroner’s finding as to the cause of death *1040 and is in no way bound by the determination or has status to review it, it is clear that this proceeding will not lie since he does not allege facts showing a clear legal right to the relief sought. The determination of the Coroner and the entries on the death certificate as to his findings may not be disturbed unless it is established that the Coroner’s decision or determination was arbitrary and an abuse of discretion. The petition in no way supports the claim that the Coroner was arbitrary in his determination, even if, for the purpose of this proceeding it might be assumed that he was mistaken as to the cause of death. ‘ ‘ A public determination is arbitrary when no reasonable man would be expected to make it ”. (Matter of Mitchell v. Helpern, 17 A D 2d 922 [1st Dept.].)
Moreover a proceeding under article 78 to review a determination must be commenced within four months after the determination. The death certificate was filed on July 9, 1962. The proceeding was not commenced until November 27, 1962. Petitioner is, therefore, precluded from maintaining the proceeding.
The cross motion is granted and the petition dismissed.