Roscoe V. Elsworth, J.
The respondent as a Coroner of Rensselaer County determined that the death of Eugene Y. *81 Coffey was accidental and that it was impossible to find that the injury causing death was brought about by criminal means. In this article 78 proceeding petitioner seeks to annul such determination on the grounds that the same is arbitrary and capricious and against the weight of the evidence. The application has been submitted without argument or briefs and the parties have agreed that a decision should be made on the testimony taken before the Coroner, without the formality of interposing either an answer or objections in point of law.
A Coroner’s inquest is a preliminary investigation into a death when a person has been killed or dangerously wounded by another or has suddenly died under circumstances as to afford a reasonable ground to suspect that the death has been occasioned by the act of another by criminal means. (Code Grim. Pro., § 773.) The Coroner must render a decision, and if such finds another has caused death by criminal means, it is the duty of a Coroner to issue a warrant of arrest. The ordinary criminal processes of arraignment and presentation of the evidence to a Grand Jury then follows. From the foregoing recitals it is clear that a Coroner’s inquest is a proceeding criminal in nature.
The inquest is a judicial proceeding (Crisfield v. Perine, 15 Hun 200, affd. 81 N. Y. 622) in a court of inferior jurisdiction and not of record. (7 Am. & Eng. Eneyc, Law [2d ed.] 615.) The decision of the Coroner constitutes a judicial determination of the matters stated therein (People v. Coombs, 36 App. Div. 284, affd. 158 N. Y. 532; Gould v. State of New York, 181 Misc. 884) but is in no sense a final judgment of guilt or innocence or of any other matter. Indeed, it is not even of equivalent strength to a finding by a committing Magistrate or of a Grand Jury. (Hendrickson v. People, 10 N. Y. 13, 28.)
This court has found no article 78 proceeding in which the decision of a Coroner has been reviewed. Sound reason exists for the absence of such precedent. Section 1285 of the Civil Practice Act does not permit a review under article 78 of a determination made in a criminal matter or where the determination does not finally determine the rights of the parties with respect to the matter to be reviewed. By reason of those statutory inhibitions this court is constrained to hold that it has no jurisdiction in this proceeding to pass upon the Coroner’s determination which the petitioner seeks to review.
Assuming, however, the existence of the right of review here, careful scrutiny of the testimony leads to the conclusion that the determination reached by the Coroner was not unreasonable in the sense that no reasonable man could be of the same opinion. The Coroner has done his duty in a difficult situation with con *82 flicting testimony and many inexplicable imponderables. His decision does not appear to have been arrived at either arbitrarily or capriciously.
The petition is dismissed.