**Orville HUSO, Plaintiff/Appellee,**

v.

**BISMARCK PUBLIC SCHOOL BOARD, Defendant/Appellant.**

**Civ. No. 8952.**

Supreme Court of North Dakota.

June 4, 1974.

Rehearing Denied June 27, 1974.

Christensen, Christensen & Baer, Bismarck, for plaintiff/appellee.

Wheeler, Wolf, Wefald & Durick, Bismarck, for defendant/appellant.

TEIGEN, Judge.

This is an action by a teacher (Orville Huso) to recover damages from the Bismarck Public School Board for breach of an alleged teaching contract. After trial, the court, without a jury, entered judgment in favor of the teacher in the amount of $9,400.

On the threshold of our consideration of this appeal we are confronted with the question of whether the appeal is properly here and whether we have jurisdiction to determine it.

■ The right to appeal is purely statutory. Brusegaard v. Schroeder, 199 N.W. 2d 921 (N.D.1972); First American Bank & Trust Company v. Ellwein, 198 N.W.2d 84 (N.D.1972); Berg v. Kremers, 154 N. W.2d 911 (N.D.1967). See exceptions: City of Bismarck v. Materi, 177 N.W.2d 530 (N.D.1970), and City of Minot v. Knudson, 184 N.W.2d 58 (N.D.1971).

■ The argument made is that the appeal was not timely. We have held that the time prescribed by statute within which an appeal may be taken from a judgment is mandatory and jurisdictional. Where an appeal from a judgment is not taken within the statutory period, the Supreme Court is without power to do more than dismiss the appeal. Farmers Union Grain Terminal Ass'n v. Briese, 192 N.W.2d 170 (N.D. 1971). Although no motion was made for a dismissal, the issue was raised on argument and we are required to consider it on our own motion as it is a jurisdictional matter.

The original judgment was entered on October 31, 1972, and notice of entry thereof was served upon the school board on November 1, 1972. The statute provides that an appeal from a judgment may be taken within ninety days after written notice of entry thereof. Section 28–27–04, N.D.C.C. Thus the time for appeal normally would have expired on January 30, 1973. However, six days prior thereto, to wit, on January 24, 1973, the trial court filed an order vacating the judgment and placed the matter before the court for further hearing and proceedings to be thereinafter directed. This order was served upon the attorney for the teacher on the same day. Subsequent thereto, after further hearing, the trial court, on June 15, 1973, entered an order reinstating the prior judgment. This order was filed on June 20, 1973, and served upon the attorney for the school board on June 22, 1973. Thereafter, on June 27, 1973, the school board

took the instant appeal from "the Judgment entered on the 20th day of June, 1973 in the office of the Clerk of District Court."

The teacher argues that the trial court had no legal authority and was without jurisdiction to enter its order vacating the judgment, and therefore such action did not suspend the time for appeal from running. His argument is that there is no statutory authority or authority by rule empowering the court to take such action. The attorney for the school board argues that Rule 60(b), N.D.R.Civ.P., empowers the court to relieve a party from a final judgment in an action within a reasonable time after entry thereof for various reasons, including "(6) any other reason justifying relief from the operation of the judgment."

The order vacating the judgment, entered and filed on January 24, 1973, was apparently entered, summarily, upon the trial court's own motion. It was filed within the time for taking an appeal and before any appeal had been taken. It is apparent the trial court had second thoughts as to the correctness of the judgment, based on its feeling that it may have made a mistake. Thereafter, a hearing was held at which the parties appeared, following which the trial court concluded that the original judgment should stand and, on June 15, 1973, it entered the order reinstating the provisions of the judgment of October 31, 1972, and directed entry of judgment accordingly. This order was served on June 22, 1973.

■ The authority of the courts to control their own judgments during the term for which they are rendered has its foundation in the common law and exists independently of any statute. 46 Am.Jur.2d, Judgments, § 683. In this State, authorization is granted on motion by court rule. Rule 60(b), N.D.R.Civ.P. However, courts have been authorized to set aside or vacate their judgments on their own motions. 49 C.J.S. Judgments § 287.

■ Prior to the adoption of the Rules of Civil Procedure our court held, in Steinmueller v. Liebold, 43 N.D. 460, 175 N.W. 729 (1919), that where a trial court made a mistake in signing an order for judgment which was contrary to the facts in the case, it could, under and by virtue of its inherent powers, upon the mistake being called to its attention, correct its record so as to conform to the facts, upon its own motion and at any time, even after the expiration of one year. This case has been followed in Bank of Inkster v. Christenson, 49 N.D. 1047, 194 N.W. 702 (1923), and Goetz v. Gunsch, 80 N.W.2d 548 (N.D.1957). We hold that the adoption of the North Dakota Rules of Civil Procedure, effective July 1, 1957, does not remove this inherent power of the court.

■ A motion for vacation of a judgment must be presented and heard before the judge before whom the matter was originally presented and determined, unless such judge is unable to act. Section 27–05–27, N.D.C.C. The power of the trial court to vacate a judgment is within its judicial discretion and will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. 46 Am.Jur.2d, Judgments, § 682; Guenther v. Funk, 67 N.D. 543, 274 N.W. 839, 112 A.L.R. 428 (1937).

■ There is no claim of an abuse of discretion here; the claim made is that the court does not have the power to vacate its own judgment. We find, however, that a trial court is empowered to vacate its judgment, and it would naturally follow that when the court vacates its judgment the time for appeal therefrom is suspended. However, where the same judgment is reinstated by the court, we hold that the time for appeal begins to run again after the date of service of the notice of entry of the order reinstating the judgment. Thus the time during which the judgment was vacated does not constitute part of the time within which an appeal must be taken.

"* * * insofar as the vacation or suspension of a judgment destroys it for purposes of an appeal, the period during which such suspension is in effect should be excluded in computing the time in which to appeal, after the judgment is reinstated." 4 Am.Jur.2d, Appeal and Error, § 299. See also, 4A C.J.S. Appeal & Error § 443.

We find that 83 days elapsed between the service of the entry of the original judgment and the filing of the order vacating it, exclusive of the dates of service of the notice of entry and the filing of the order, and that five days elapsed after the service of the order reinstating the judgment and the date on which the notice of appeal was served. It also appears that the notice of appeal, with proof of service attached, was filed the following day. Thus it appears that, excluding the time during which the suspension was in effect, the notice of appeal from the judgment was served on the 88th day and the filing was made on the 89th day and was, therefore, timely, under Section 28–27–04, N.D. C.C.

For the reasons aforesaid, we find that we have jurisdiction to consider the appeal.

There is no issue of fact in this appeal. The question is purely one of law involving the interpretation of Section 15–47–27, N.D.C.C., prior to its amendment by Chapters 158 and 190 of the Session Laws of 1971.

Mr. Huso, the plaintiff (hereinafter teacher), was employed by the defendant, Bismarck Public School Board, as an instructor at the Vocational Center at Bismarck Junior College, under written contract for a term of twelve months beginning the 1st day of July, 1970, and ending on the 30th day of June, 1971, at an annual salary of $9,400. The renewal rights were defined in the contract as being governed by Section 15–47–27, N.D.C.C., which, in 1970 and 1971, provided as follows:

"Any teacher who has been employed by any school district or state board of higher education in this state during any school year, shall be notified in writing by the school board or state board of higher education, as the case may be, not earlier than the fifteenth day of February and not later than the fifteenth day of April in the school year in which he or she has been employed to teach, of the board's determination not to renew the teacher's contract for the ensuing school year, and failure to give such written notice on or before said date shall constitute an offer on the part of the board to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year. On or before April fifteenth in any year and not earlier than February fifteenth, the board shall notify all teachers of a date, which shall not be less than thirty days after the date of such notice, upon which they will be required to accept or reject such proffered re-employment, and failure on the part of the teacher to accept said offer within such time shall be deemed to be a rejection of the offer. Any teacher who shall have accepted the offer of re-employment, either by the action of the board, or nonaction of the board on or before April fifteenth, as herein provided, shall be entitled to the usual written contract for the ensuing school year, as provided by law and shall notify the board in writing of his or her acceptance or rejection on or before the date specified by the board or before May first whichever is earlier. Failure on the part of the teacher to so notify the board shall relieve the board of the continuing contract provision of sections 15–47–26 through 15–47–28. Nothing in this section shall be construed as in any manner repealing or limiting the operation of any existing law with reference to the dismissal of teachers for cause." Chapter 158, 1961 Session Laws, at 229.

Neither the Bismarck Public School Board nor the teacher sent written notice to the other. On July 1, 1971, the teacher presented himself at the Bismarck Junior

College Vocational Center to report for work. He testified he was told that he had not been rehired. The teacher did not teach during the school term 1971–1972, and subsequently brought this action based on the claim that because of the failure on the part of the school board to notify him in writing that his services were not required for the ensuing school year, he had a continuing contract for the school year 1971–1972. Following trial, the trial court agreed and awarded the teacher a money judgment in the amount of the salary provided in the contract. The school board has appealed from this judgment.

The statute is clear. It requires that in the event of a determination not to renew a teacher's contract for the ensuing school year, the school board shall give written notice to the teacher, between the 15th day of February and the 15th day of April in the school year in which the teacher is employed to teach, of the board's decision not to renew the teacher's contract for the ensuing school year. This notice was not given in this case. The statute also provides that the failure to give such written notice constitutes an offer to renew the contract for the ensuing school year under the same terms and conditions as the contract for the then current year. The statute requires that the teacher desiring to renew must give written notice of acceptance. This is true whether the school district offers re-employment by action or nonaction of the school board and, in the event of nonaction of the school board, this notification must be given by the teacher on or before May 1st. The teacher failed to give written notice of acceptance. In such event the statute specifically provides:

"Failure on the part of the teacher to provide such notification shall relieve the school board * * * of the continuing contract provision of sections 15–47–26 through 15–47–28." Section 15–47–27, N.D.C.C.

Thus, under the circumstances of this case and applying Section 15–47–27, N.D.C.C., in effect in 1971, there was no renewal of the contract for the reason that the teacher failed to give the necessary notification of acceptance. The teacher, however, argues that Section 15–47–27, N.D.C.C., must be read in the light of Section 15–47–38, N.D.C.C., enacted in 1967. Section 15–47–38, N.D.C.C., is also a statute on notification, and requires that when a school board contemplates not to renew a teacher's contract it must give written notice of such contemplation to the teacher before it makes a determination not to renew.

This statute was set out in full in Hennessy v. Grand Forks School District # 1, 206 N.W.2d 876, 880 (N.D.1973). A reading of that statute discloses that it is not operative except where the school board contemplates not to renew a teacher's contract or contemplates to discharge a teacher under contract.

In this case the failure on the part of the school board to give notice, as provided by Section 15–47–27, N.D.C.C., constituted an offer to renew the teacher's contract for the ensuing school year under the same terms and conditions as the contract for the then current year. It was the failure on the part of the teacher to provide the school board with notification of acceptance that relieved the school board of the continuing contract provision of the law. Section 15–47–38, N.D.C.C., does not require notification or a meeting with the teacher where there is an offer by the school board, whether by action or nonaction of the board, to renew the contract of the previous year. For these reasons, Section 15–47–38, N.D.C.C., has no application in this case.

For the reasons aforesaid we reverse the judgment of the trial court.

ERICKSTAD, C. J., and VOGEL, PAULSON and KNUDSON, JJ., concur.