Edwin ABRAHAMSON and Ellen Abrahamson, parents of Paul Henry Abrahamson, Deceased, Plaintiffs and Appellants,

v.

James R. AMOS, M. D., State Health Officer and D. E. Nelson, M. D., Burleigh County Coroner, Defendants and Appellees.

Civ. No. 9211.

Supreme Court of North Dakota.

Sept. 29, 1976.

Rehearing Denied Oct. 15, 1976.

Wheeler, Wolf, Wefald & Peterson, Bismarck, for plaintiffs and appellants; argued by Robert O. Wefald, Bismarck.

Morris Tschider, Bismarck, for defendant and appellee James R. Amos, M. D., John M. Olson, State's Atty., Bismarck, for defendant and appellee, D. E. Nelson, M. D., argued by John M. Olson, State's Atty.

PEDERSON, Justice.

This is an appeal from an order of the district court of Burleigh County dismissing a complaint upon a finding that there is no remedy at law. On appeal, Edwin and Ellen Abrahamson contend that the determination by the Burleigh County coroner that suicide was the cause of death of their son, Paul Henry Abrahamson, is erroneous under the law and can be reviewed by the district court, and that the death certificate can be judicially corrected. We affirm the district court's dismissal of the action.

On September 5, 1973, Paul died of a gunshot wound fired at extremely close range north of Bismarck. There were no witnesses. From affidavits and stipulation we learn that: (1) Paul occasionally stumbled when getting up from a sitting position as a result of a knee injury suffered in the Viet Nam war; (2) prior to his death he had negotiated to sell his pickup truck; (3) he was making plans for a trip to Minnesota; (4) he had at one time discussed with his roommate the subject of suicide in a general way; and (5) friends and relatives considered Paul to be emotionally stable, cheerful, and friendly.

Just prior to his death Paul had been target shooting at objects in the river below him, and the Report of Coroner's Investigation indicates that there were several empty cartridges found along the cliff overlooking the river bank where his body was found.

Paul's parents and others found that the determination by the coroner was shocking and upsetting. Though sympathetic, the district court concluded that no appeal of the coroner's determination of cause of death was authorized by law and dismissed the complaint. We are concerned with

§ 11–19.1–08, NDCC, which provides in part:

"It shall be the duty of the coroner to keep a full and complete record and to fill in the cause of death upon the death certificate in all cases coming under his jurisdiction."

And § 11–19.1–13, NDCC, which states:

"The cause of death, the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict, shall be incorporated in the death certificate filed with the registrar of vital statistics of this state."

█ The coroner contends that his determination as to cause of death is merely advisory and not subject to judicial review. This argument is supported by a statement in 18 Am.Jur.2d 529, Coroners or Medical Examiners, § 15:

"It has been held that the verdict of a coroner or a coroner's jury is not subject to be reviewed * * * since it binds no one as a judgment, is merely advisory, and has itself no probative effect as evidence * * *."

The majority of the cases cited to us are in agreement with the coroner's contention that, when his opinion is merely advisory and of no probative effect, it is not subject to review. *Coffey v. Matera,* 39 Misc.2d 80, 239 N.Y.S.2d 1018 (1963); *Boehme v. Sovereign Camp Woodmen of the World,* 98 Tex. 376, 84 S.W. 422 (1905); *Smalls v. State,* 101 Ga. 570, 28 S.E. 981 (1897); 78 A.L.R.2d 1218.

However, in North Dakota, at least until the recent repeal of § 23–02–40, NDCC, a certified copy of a death certificate was admissible as prima facie evidence of the facts therein stated.[1] See also, *Foss v. North Dakota Workmen's Compensation Bur.,* 214 N.W.2d 519 (N.D.1974), and *Brinkman v. Mutual of Omaha Insurance Company,* 187 N.W.2d 657 (N.D.1971). See, however, *Lohman v. General American Life In-*

*surance Co.,* 478 F.2d 719, 730 (8th Cir. 1973), distinguishing *Brinkman, supra,* and pointing out the distinction between an opinion based upon medical facts and an essentially nonmedical opinion as to the ultimate fact of suicide or accident.

Presumably, the effect of the admissibility of the coroner's opinion under Section 23–02–40, NDCC, would be to alter the conclusions reached by some of the authorities cited above. In 28 A.L.R.2d 352, 354, the author discusses the reasons for excluding the coroner's opinion as to suicide in a civil proceeding:

"Among the various reasons given for excluding the verdict or finding of the coroner on the issue of suicide is the fact that the inquest is an ex parte proceeding in which a third party, regardless of interest, has no right to be present or participate. It is the feeling of some courts that it would therefore be injudicious to allow the rights of a party to be affected by a finding in which such rights were not represented."

It follows that when the coroner's opinion is admissible as evidence, and was arrived at not through an inquest but solely through a private, informal determination by the coroner, it would seem injudicious, if not a denial of due process, to admit it without subjecting it to some type of judicial review prior to its admission, and this is especially so if the coroner's opinion of suicide has the effect of overcoming the common law presumption against suicide existing in this State, as some authorities have held. *Jefferson Standard Life Ins. Co. v. Wigley,* 248 Ala. 676, 29 So.2d 218 (1947); 159 A.L.R. 181.

However, we do not reach this argument, for this court has never held that the coroner's opinion is admissible when that opinion has been formulated in terms of "accident" or "suicide." In *Lohman, supra,* the Eighth Circuit Court held that, under North Dakota law, the coroner's conclusion of acci-

---

1. *Chapter 23–02, NDCC, was repealed by the 1975 North Dakota Legislature and replaced with Chapter 23–02.1, NDCC. That latter statute omits the substance of Section 23–02–40,* NDCC, *but we do not here reach the question of the effect of its omission on the admissibility of death certificates in future judicial or administrative proceedings.*

dental death should be excised from the death certificate prior to its admission into evidence, thus distinguishing *Brinkman, supra,* where this court had held as properly admitted a death certificate containing the coroner's opinion that "coronary thrombosis" was the cause of death. The circuit court stated:

"This was a medical conclusion based upon observable medical facts quite unlike the bald assertion of accidental death contained in Lohman's death certificate.

\* \* \* \* \* \*

"Even more convincingly, we do not think that the imprimatur of 'prima facie evidence' should be given to such an assertion of an essentially nonmedical opinion as to the ultimate fact and pivotal issue in this case." *Lohman v. General American Life Insurance Co.,* 478 F.2d 719, 730.

In *Foss, supra,* this court held as properly admitted a death certificate which contained the coroner's opinion of cause of death as "myocardial arrest." We note that this was a medical opinion, not a nonmedical conclusion involving the ultimate fact in issue in the case.

We hold that where a coroner records on the death certificate the cause of death as "suicide," such an essentially non-medical opinion is not a "fact" contemplated by Section 23–02–40, NDCC, and therefore is not admissible in evidence. See *Carson v. Metropolitan Life Ins. Co.,* 156 Ohio St. 104, 100 N.E.2d 197, 28 A.L.R.2d 344 (1951).

This court has held repeatedly that the right to appeal is purely statutory. *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D.1974); *Huso v. Bismarck Public School Board,* 219 N.W.2d 100 (N.D.1974); *Chas. F. Ellis Agency, Inc. v. Berg,* 214 N.W.2d 507 (N.D.1974). We have found no provision in either Chapter 23–02, NDCC, or Chapter 23–02.1, NDCC, which permits judicial review of the coroner's opinion as incorporated in the death certificate.

The Abrahamsons argue that the newly enacted Health Statistics Act, Chapter 23–02.1, NDCC, and specifically § 23–02.1–25,

clearly acknowledges the need for amendment of vital records, and requires the State Department of Health to promulgate regulations for the correction of vital records. They cite several regulations promulgated by the Department of Health which deal with the amendment of vital records. We do not think these regulations have the effect of diminishing the coroner's discretion in determining the cause of death recorded on the death certificate.

■ The discretionary acts of public officials are not, however, beyond the scope of judicial review. Section 32–24–01, NDCC, allows the Supreme and District Courts to issue writs of mandamus to compel public officials to perform their entrusted duties and to correct abuses of discretion. The writ of mandamus will issue when there is no other plain, speedy and adequate remedy in the ordinary course of the law and the party applying for the writ has shown a clear legal right to the performance of the particular act sought to be compelled by the writ. *Fargo Education Ass'n v. Paulsen,* 239 N.W.2d 842 (N.D. 1976); *Great Lakes Pipe Line Co. v. City of Grand Forks,* 142 N.W.2d 126 (N.D.1966).

In *Slotnick v. Hilleboe,* 38 Misc.2d 1039, 237 N.Y.S.2d 406, 408 (1963), the court held that the coroner's determination as to cause of death could not be disturbed unless that decision was arbitrary and an abuse of discretion. That opinion provides a standard by which an abuse of discretion can be determined and the coroner's conclusion thus disturbed:

"The petition in no way supports the claim that the Coroner was arbitrary in his determination, even if, for the purpose of this proceeding it might be assumed that he was mistaken as to the cause of death. 'A public determination is arbitrary when no reasonable man would be expected to make it.' (*Matter of Mitchell v. Halpern et al.,* 17 A.D.2d 922, 233 N.Y.S.2d 297)."

■ The standard for finding an abuse of discretion is necessarily a very narrow one. Public officials who have been grant-

ed discretionary authority must have the ability to exercise it in an independent but reasonable manner. As long as there exists an adequate and reasonable basis for the coroner's determination, it cannot be held to be an abuse of discretion. In the instant case, we cannot say that no reasonable man would have reached the same conclusion that the coroner did as to the cause of Paul's death, even though, on the basis of the record, we might not have reached the same conclusion. In the absence of an abuse of discretion mandamus will not issue, and the coroner's determination cannot be disturbed.

We are aware that this decision may appear harsh and insensitive in this instance, and that it fails to heal the painful memories of parents, relatives and friends who feel aggrieved by the coroner's conclusion. Appellee concedes in his brief that if this action were for a recovery of death benefits, accidental death could be a proper finding by this court. On the basis of the record before us, absent contrary evidence and according appellants the common law presumption against suicide, we believe that the coroner might reasonably also have found that Paul's death was accidental. *Dick v. New York Life Ins. Co.,* 359 U.S.

437, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959); *Svihovec v. Woodman Acc. Co.,* 69 N.D. 259, 285 N.W. 447 (1939).

The fact that Paul was an emotionally stable and bright individual, that he had been negotiating the sale of property and making plans for a trip to Minnesota prior to his death, that he had been target shooting at the time of his death, that no suicide note was found, and that a knee injury occasionally caused him to stumble, all offer persuasive evidence that his death may have been accidental. The coroner's opinion is that Paul's death was caused by suicide. Until the Legislature provides otherwise, the coroner's opinion as shown on the death certificate is not reversible by the courts, absent a clear indication of an abuse of discretion.

The district court's dismissal of the action is affirmed. There will be no costs allowed on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.