In the Matter of SHIRLEY C. SOMAN, Individually and as Coexecutrix of ROBERT SOMAN, Deceased, Appellant, v DOMINICK J. DIMAIO, as Chief Medical Examiner of the City of New York, Respondent.—Judgment of the

Supreme Court, New York County, entered March 7, 1977, dismissing petition, unanimously reversed, on the law, without costs and without disbursements, and respondent directed to serve an answer, precedent to such further proceedings as may be appropriate. Appeals from the orders of the Supreme Court, New York County, entered October 5, 1976 and November 24, 1976, unanimously dismissed as academic, without costs and without disbursements. There is no claim herein that the petition is insufficient as a matter of law. Although no answer to the petition was filed by respondent and in his cross motion to dismiss the petition he did not controvert petitioner's allegation that his action was arbitrary and capricious, nevertheless, Special Term in its order of October 5, 1976, dismissing the petition herein, held that respondent's conclusion that deceased's death was suicidal was not arbitrary or capricious. The person supplying the sole information upon which respondent presumably relied in arriving at his conclusion, disavowed by affidavit many of the statements attributed to her, claiming that if the statements were made, they were the product of confusion and suggestion and were inaccurate. Respondent, however, refused to change his conclusion of suicide, prompting the petition herein. We believe the action of the Special Term, even if correct (and we do not pass on it at this time), was premature. Although respondent relies upon *Matter of Mitchell v Halpern* (17 AD2d 922, affd 14 NY2d 817) in which the refusal of the medical examinaer to expunge a statement of suicide from his records was upheld, the record on appeal discloses the judgment therein followed the submission of an answer by respondent. Accordingly, in the circumstances of this case, we reverse the judgment below and direct respondent to serve an answer, precedent to such further proceedings as may be appropriate. In the framework of the pleadings there, Special Term shall determine whether or not the determination of suicide by respondent was arbitrary or capricious. Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.