[No. 48638-1-I. Division One. June 3, 2002.]

*In the Matter of the Inquest Into the Death of* ADAM E. BOSTON.

*Norm Maleng, Prosecuting Attorney,* and *Jeffery A. Rich-ard, Allyson K. Zerba,* and *Thomas W. Kuffel, Deputies,* for petitioner.

*James E. Lobsenz* (of *Carney Badley Smith & Spellman*), for respondents.

COLEMAN, J. — An inquest proceeding is a statutorily authorized, nonbinding inquiry into the death of an individual, traditionally conducted by the coroner, to determine the cause of death. The primary issue before this court is whether the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) give superior courts jurisdiction to hear appeals from inquest proceedings where a district court judge acts as the coroner. The Superior Court ruled that they do. We reverse because we conclude that the RALJ do not give superior courts the authority to review coroner inquests, even when presided over by a district court judge.

## FACTS

On April 26, 2000, Adam Boston robbed a gas station and was subsequently shot and killed. King County Executive Ron Sims ordered an inquest into Boston's death. King County District Court Judge Robert McBeth was assigned to preside over the proceedings on Sims' behalf. Boston's parents, Judy and Ken Ringold, participated in the proceeding and were represented by counsel.

On August 25, 2000, Judge McBeth heard several preinquest motions, including the Ringolds' motion to disqualify the King County prosecuting attorney from participating in the inquest. The Ringolds claimed that the prosecutor's duty to represent the public interest in the inquest conflicted with his duty to protect the county from civil liability. The judge concluded that no conflict existed.

Respondents immediately petitioned the Supreme Court for writs of prohibition, mandamus, and certiorari. The Supreme Court commissioner dismissed the petition, ruling that "an action taken by a coroner, even when that coroner is otherwise a judge, is not a decision in a judicial proceeding subject to the appellate or revisory jurisdiction of a higher court." *See* Wash. State Supreme Court Order, *Ringold v. McBeth*, No. 70091-5 (Sept. 11, 2000).

The inquest proceeded. During the inquest, the Ringolds filed a second petition in the Supreme Court, which was again dismissed. *See* Wash. State Supreme Court Order, *Ringold v. Maleng*, No. 70189-0 (Oct. 10, 2000). At the conclusion of the inquest, the jury returned its answers to the special interrogatories, which indicated that the shooting was justified.

The Ringolds filed an appeal in Superior Court. The County moved to dismiss the matter on the ground that the Superior Court lacked jurisdiction to hear an appeal from an inquest. The Superior Court denied the motion. The County sought, and this court granted, discretionary review of the court's denial of the County's motion to dismiss.

## DISCUSSION

■■ The County argues that superior courts lack jurisdiction to hear direct appeals from inquest proceedings. The County is correct. A trial judge who conducts an inquest stands in the shoes of the county coroner or county executive, and inquest proceedings are purely advisory, nonadversarial proceedings designed to help the coroner determine the cause of death. Thus, a judge who stands in the shoes of a coroner is not a court "operating under RCW 3.30," nor is the verdict of a coroner's jury a "final decision" under the plain meaning of RALJ 1.1(a) and 2.2(a). Accordingly, the County's motion to dismiss the appeal should have been granted.

Coroner inquests are authorized by chapter 36.24 RCW. The statute authorizes the county coroner to summon and empanel jurors, to subpoena witnesses, and to issue arrest warrants. RCW 36.24.020-.030, .050, .100-.120. The statute, however, does not provide any process by which the outcome of a coroner inquest may be appealed.

In King County, the county executive has the authority to conduct an inquest into the cause and circumstances of any death involving a law enforcement officer. KING COUNTY CODE 2.24.110(A). The King County Executive, by executive or-

der, has delegated responsibility for conducting inquest proceedings to a district court judge assigned by the presiding judge of the District Court Judges Association. King County Executive Order PHL 7-1-1 (AEP).

Despite this delegation, however, the conduct of an inquest remains an executive function. *See Carrick v. Locke*, 125 Wn.2d 129, 141-42, 882 P.2d 173 (1994) (upholding constitutionality of above procedure against claim it violated separation of powers, noting, "it is clear that the County Executive has retained the ultimate responsibility for inquests"). The inquest is not meant to be an adversary proceeding, but a means by which the executive determines cause of death. *Miranda v. Sims*, 98 Wn. App. 898, 903, 991 P.2d 681, *review denied*, 141 Wn.2d 1003 (2000); *accord* W.R. Habeeb, Annotation, *Reviewing, Setting Aside, or Quashing of Verdict at Coroner's Inquest*, 78 A.L.R.2d 1218 (1961); 18 AM. JUR. 2D *Coroners* 687, 699 § 8 (1985). Although the prosecutor may use the information learned from the inquest in making charging decisions, the inquest results are not binding on anyone. *Miranda*, 98 Wn. App. at 903.

Nevertheless, the Supreme Court of Washington has recognized that inquests cannot be labeled as purely executive or judicial proceedings, but rather fall in "a gray zone at the periphery of both the executive and judicial branches." *Carrick*, 125 Wn.2d at 139. Other courts have called inquests "quasi-judicial," or otherwise indicated that they have a mixture of executive and judicial characteristics. *See* 18 AM. JUR. 2D *Coroners* 687, 699 § 8 (1985) (noting courts differ on whether a coroner acts in a judicial capacity when conducting an inquest). Still, "our courts have repeatedly rejected the argument that an inquest is equivalent to a trial." *Miranda*, 98 Wn. App. at 902.

Every court that has examined the issue has held that coroner inquests may not be appealed or set aside by the courts. Habeeb, *supra*, 78 A.L.R.2D 1218 ("In the few cases found on the subject . . . it has been held that the verdict was not subject to be reviewed, set aside, or quashed by a

court.") *See also* 18 AM. JUR. 2D *Coroners* 687, 699 § 16 (1985) (verdict "not subject to be reviewed, set aside, or quashed by a court, since it binds no one as a judgment, is merely advisory, and has itself no probative effect") (citing *Smalls v. State*, 101 Ga. 570, 28 S.E. 981 (1897)). Although some jurisdictions have recognized a limited right to petition for a writ of mandamus or prohibition against the coroner where the coroner has acted arbitrarily, direct appeal is uniformly disallowed. *See Nelson v. Pickett*, 332 S.W.2d 129 (Tex. Civ. App. 1960) (indicating writ of mandamus available for defects in justice but not appropriate in case before court); *Slotnick v. Hilleboe*, 38 Misc. 2d 1039, 237 N.Y.S.2d 406 (1963) (noting statute allowed review of coroner decision only if arbitrary or abuse of discretion).

The Ringolds appealed directly to the Superior Court.[1] Thus, to affirm, this court would have to do what no other court has done: hold that an inquest is subject to direct review by a court. The Ringolds argue that the RALJ give such jurisdiction to state superior courts when a district court judge conducts the inquest.

RALJ 2.2(a) allows superior courts to hear appeals from "a final decision of a court of limited jurisdiction to which these rules apply under rule 1.1(a)." RALJ 1.1(a) provides:

> These rules establish the procedure, called appeal, for review by the superior court of a final decision of a court of limited jurisdiction, subject to the restrictions defined in this rule. These rules apply only to review of (1) district courts operating under RCW 3.30[.]

Chapter 3.30 RCW designates the administrative structure of district courts.

The Ringolds do not argue that the above rules grant jurisdiction over an inquest conducted by a coroner or other

---

[1] In dismissing the Ringolds' first writ petition to the Supreme Court, the Supreme Court commissioner noted that statutory writs may be available to parties of inquest proceedings pursuant to RCW 7.16.300. The Ringolds never petitioned the Superior Court for a statutory writ, however, and we therefore are not called upon to decide whether that procedure is available for review of inquest decisions. The issue before this court is the authority of superior courts to hear direct appeals from inquest proceedings.

county official. The parties agree that the rules do not purport to allow judicial review of actions by the coroner or county executive. The Ringolds argue, however, that once the responsibility for conducting an inquest is transferred to a district court judge, the superior court has jurisdiction to hear appeals of the judge's decisions.

We disagree. The court's only authority to conduct an inquest derives from the executive. See RCW 36.24.160 (stating that judge acting as coroner acts "with the like authority and subject to the same obligations and penalties as the coroner"). Therefore, a judge who voluntarily assumes responsibilities of a county executive officer[2] is not operating as a court, but as a delegate of the executive.

The Ringolds rely on *Carrick*, which held that the separation of powers doctrine is not violated when district courts conduct inquests. The Ringolds argue that in order to reach that holding, the Supreme Court necessarily rejected the notion that district court judges become county officers when they assume responsibility for conducting inquests. Otherwise, they argue, such deputizing of the judiciary would violate separation of powers concerns.

*Carrick* does not support this argument. That case was concerned with the relationship between the executive and judiciary and whether the distinction between the two branches is improperly blurred when judges act as coroners. *Carrick*, 125 Wn.2d at 137. The court in *Carrick* held that judges who act as coroners are sufficiently independent to satisfy separation of powers concerns, in part because their participation in inquests is requested rather than required by the executive under the coroner's statute. *Carrick*, 125 Wn.2d at 138. The court also noted that judges have been conducting inquests in Washington since before the framing of the state constitution. *Carrick*, 125 Wn.2d at 137-38. But here, we are concerned with the nature of the *proceeding* and whether it is the kind of proceeding meant

---

[2] *See Carrick*, 125 Wn.2d at 140 (holding King County's inquest procedure does not violate separation of powers because judges are requested, not required, to conduct the proceedings).

to be reviewed by superior courts under Washington court rules. The fact that judges acting as coroners are sufficiently independent to satisfy separation of powers concerns does not change the fact that inquest proceedings are purely advisory, inquisitorial functions designed to help the executive determine the circumstances surrounding a person's death. *Accord Carrick*, 125 Wn.2d at 138.

Further, an inquest verdict is not a "final decision" within the meaning of RALJ 2.2(a). Although the RALJ do not define "final decision," the generally accepted definition limits that term to final judgments or decisions that affect the substantial rights of parties in litigation. *See* 4B LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE 220-22 (5th ed. 1997) (noting RALJ 2.2(a)(2) was intended by the drafters to parallel the comparable language in RAP 2.2). The Ringolds argue, however, that because RALJ 1.2(a) requires a liberal construction of the rules to promote justice, the term "final decision" in RALJ 2.2(a) should be read liberally to include the verdict of an inquest jury.

But even under a broad interpretation of the rules, an inquest jury's verdict is not a "final decision of a *court*." It is at most a "final decision" of an advisory panel of jurors as to the answers to certain questions the coroner (or judge acting as the coroner) has asked them. The jury's verdict does not adjudicate the rights of anyone, nor does it affect anyone's rights. It merely supplies the executive with the jury's opinion as to the cause of death and criminal responsibility of those involved. And, the prosecuting attorney is free to adopt or disregard that opinion in making filing decisions. Thus, we conclude that a jury's verdict is not a "final decision of a court" that may be appealed under the RALJ.

The Ringolds argue that the King County Executive converted the inquest into a district court proceeding by asking a district court judge to conduct the proceeding. The Ringolds point out that the inquest was a jury proceeding, held in a courtroom, with a judge presiding over it. But these considerations, designed to improve the perceived

and actual fairness of inquests, do not change the fundamental nature of inquests from executive to judicial, from advisory to mandatory, or from an inquest to a trial.

For the above reasons, we hold that the RALJ do not give superior courts jurisdiction to review inquest proceedings. For purposes of RALJ 1.1(a), a district court judge who conducts an inquest acts as a county executive official and therefore is not a "court[] operating under RCW 3.30." Further, the decision of an inquest jury is not a "final decision of a court" under the RALJ. The superior court erred when it determined that it had jurisdiction to hear a direct appeal from the verdict of a coroner's jury.[3] We reverse and remand for entry of an order of dismissal.

GROSSE and BAKER, JJ., concur.

Reconsideration denied June 25, 2002.

Review denied at 148 Wn.2d 1016 (2003).

---

[3] Because we conclude that the Superior Court lacked appellate jurisdiction to review decisions by the inquest judge, we express no opinion regarding the propriety of the inquest judge's denial of the Ringolds' motion to disqualify the King County prosecuting attorney.